MRS. LOTTIE HAMBLIN v. JOHN HAMBLIN.

[65 South. 113.]

DIVORCE. *Alimony. Issues. Adjudication.*
Where a husband is cited for contempt in failing to comply with an order of the court requiring payment of alimony *pendente lite* and defended on the ground of financial inability to comply with the order, and the judgment against him for contempt recited that the chancellor was fully advised as to all matters and things pertaining to the proceeding, and being so advised, determined that defendant was in contempt, such a judgment necessarily found that he was able to comply with the decree.

APPEAL from the chancery court of Union county.

HON. I. Q. ROBINS, Chancellor.

Proceedings by Mrs. Lottie Hamblin against John Hamblin for contempt in failing to comply with order of the court to pay alimony *pendente lite.*   From a judgment against defendant, he appeals.

The facts are fully stated in the opinion of the court.
107 Miss. 8

*H. D. Stephens,* and *R. H. & J. H. Thompson,* for appellants.

Inability to comply with an order of court is a good defense to a charge of contempt of court in failing to obey such order, unless it appears that the person charged has voluntarily and contumaciously brought the disability upon himself. *State ex rel.* v. *District Court,* 37 Mont. 485, 15 Am. & Eng. Ann. Case, 941, and note on page 943; *McHenry* v. *State,* 91 Miss. 831, 16 L. R. A. (N. S.) 1062; *Galland* v. *Galland,* 44 Cal. 475, 13 Am. Rep. 167.

Inability to comply with an order directing the payment of alimony, is an answer to a rule to enforce it, and when made to appear, discharges the obligation. *Pain* v. *Pain,* 80 N. C. 3224.

The attachment is designed to enforce compliance with the order, and not to punish for being unable to perform it. *Ormsby* v. *Ormsby,* 1 Phila. 578. In such a proceeding the defendant may appear and purge himself of contempt, by showing pecuniary inability, or any other fact which may properly produce a like effect. *Lockbridge* v. *Lockbridge,* 3 Dana 28, 28 Am. Dec. 52.

Where the neglect or refusal is not from mere contumacy, but for the want of means, the result of misfortune, those entitled to payment must resort to other modes of procedure than imprisonment to collect their dues; they may have execution or other final process; may sequester defendant's goods and chattels, rights and credits, lands and tenements The answer of the old man disclosed lands and personalty that could have been subjected to the decree, but the wife was already enjoying all of his property and she and her sons had taken it from him. *Blake* v. *People,* 80 Ill. 11; *Newhouse* v. *Newhouse,* 14 Ore. 290, 292; *O'Callahan* v. *O'Callahan,* 69 Ill. 552; *Carlton* v. *Carlton,* 44 Ga. 216; *Peel* v. *Peel,* 50 Iowa, 521; *Allen* v. *Allen,* 72 Iowa, 502; *Wood* v. *Wood,* 61 N. C. 538; *Wright* v. *Wright,* 74 Wis. 439.

So long as the non-payment is the result of an inability to pay, the courts will refuse to imprison the husband. *Ex parte Silvia,* 132 Cal. 293, 69 Am. St. Rep. 58; *Pickard* v. *Pickard,* 23 Ga. 286; *Deen* v. *Bloomer,* 191 Ill. 416; *Kadlowsky* v. *Kadlowsky,* 63 Ill. App. 292; *Nixon* v. *Nixon,* 15 Mont. 6.

We urge that the decree appealed from shall be reversed and our old, infirm and unhappy client released.

*C. Lee Crum,* for appellee.

In the first brief filed by appellant's attorneys they argue this case to this court, as if the allegations in appellant's answer were considered by the court below to be true. This is not sound argument because appellant has failed to embody the evidence in this case in the bill of exceptions, so that this court may judge of the legality and justness of the decree appealed from. The chancery court of Union county is a court of general jurisdiction, and everything necessary is presumed to exist to make the judgment of this court valid, and unless the appellant can show affirmatively that there was no evidence heard, or unless he shows what the evidence all is, and that it is insufficient to support the findings of the chancellor below, this court will presume that everything was done below that should have been done to make this decree valid. I admit that if the appellant had shown his inability to comply with this order to pay alimony, that he should have been purged of his contempt, but as a matter of fact, his testimony showed that he was able to pay, and all the presumptions of law are in support of the conclusion that the allegations in his answer to the contrary were not supported by the evidence, and that the court found as a matter of the fact, that he was able to pay this small pittance as alimony, *pendente lite.*

The authorities cited by counsel for appellant, do not show or tend to show, in my opinion, that the jurisdictional ground of ability to pay this alimony must be re-

cited in the decree of the court holding appellant guilty of contempt. In fact all of the authorities hold that this court of general jurisdiction is presumed to have investigated and determined all these issues raised by the answer, and it is not necessary to recite these facts in the decree.

Counsel complain that appellant should have been given time in which to establish the truth of his answer. There is no application shown by the record for a continuance, and the presumption is, that if he made such application it was also passed on by the court and if the appellant was entitled to more time to make his defense it is conclusively presumed that he would have gotten it.

This old gentlemen has money to lend, and he absolutely turned his wife out of house and home with nothing to subsist upon, and although he alleges many things in his answer to the contrary, he was able to support none of his material allegations by any sort of proof, and now seeks to reverse the decree of the able chancellor below by presenting to this court a partial record—a record that contains only the pleadings and none of the evidence. I hope this court will see proper to affirm this decree as I believe the merits of this case reasonably required.

Cook, J., delivered the opinion of the court.

Lottie Hamblin filed a bill of complaint asking for a dissolution of the bonds of matrimony binding her and her husband, John Hamblin. The bill also asked that the court require her husband to pay her alimony *pendente lite.* John Hamblin answered the bill and denied all of the allegations charging him with a violation of his marital obligations, and also advised the court that he was old and decrepit and was financially unable to pay alimony *pendente lite.* A motion for alimony was made by the complainant, and the court recites in its decree that, "after hearing the evidence, doth find that the motion

should be sustained." Subsequently complainant filed a petition charging that "defendant has sufficient property out of which to pay said alimony *pendente lite,* but that he willfully and contentiously refuses to do so."

Defendant was cited to appear and show cause why he should not be held in contempt. He did appear and filed his answer, protesting that he had not contentiously refused to to obey the order of the court, but he had not paid the alimony for the compelling reason that he did not possess the ability to do so. Upon this state of the pleadings the court entered the following decree, viz.: "Be it remembered this came on to be heard on the petition of the complainant charging the said defendant with contempt of this court, for his failing to comply with the order of the court at the last term, to pay alimony *pendente lite,* when the court after being fully advised as to all matters and things pertaining thereto, and the defendant being heard in court and represented by counsel, the court doth find that the said defendant is in contempt of this court for his failure to comply with the said order of this court in paying said alimony *pendente lite,* which up to this time is one hundred dollars, and, the said defendant having refused to comply with the order of the court, he is ordered confined in the Union county jail until he does pay the amount due on said former decree or purges himself of said contempt; when he shall pay what is now due, he shall be discharged. He is hereby relieved from further payment of amounts hereafter becoming due under said former decree. Ordered, adjudged, and decreed the 1st day of November, 1912." This appeal is upon the record, and we have nothing before us save the pleadings and the orders and decrees of the court.

It is earnestly insisted that the chancery court should be reversed. It is contended that the record must affirmatively show the court judicially determined that the defendant was able to pay the amount the court ordered him to pay before he could be punished for contempt. We be-

lieve this to be a correct statement of the law. Looking to the decrees it appear therefrom that the chancellor was "fully advised as to all matters and things pertaining thereto," and, being so advised, judicially determined that the defendant was in contempt. To find that defendant was in contempt, it was necessary to find that he was able to obey the decree of the court. The defense was that he could not pay, and the chancellor must have found that his defense was not supported by the facts.

*Affirmed..*