DICKERSON *v.* HORN.

Division A.   Feb. 5, 1951.

No. 37781 (50 So. (2d) 368)

**Guyton & Allen,** for appellant.

Crawley & Crawford, for appellee.

**Holmes, C.**

This is an appeal from a decree of the Chancery Court of Attala County adjudging appellant to be guilty of contempt of court for his failure to comply with a former decree of said court, wherein he was granted a divorce from the appellee, and wherein provision was made for the payment by him of the sum of $20 per month intended for the support of his minor child.

The decree, which appellant was adjudged to have violated, was rendered on June 24, 1947, and reads as follows: ''This cause came on for hearing on the bill of complainant, duly sworn to, charging the defendant with habitually cruel and inhuman treatment and praying for divorce from her, and on process personally served for more then five days before this term of court in Hinds County, Mississippi, on the defendant returnable at this term of court, and on oral proof heard in open court.

''The court finds that the proof offered in support of the bill sustains its allegations and the complainant is entitled to all relief prayed for, and the court finds that it has jurisdiction of the parties and subject matter, and that the parties are menbers of the white race, and that the living child born to this union, Linda, now about two years old is in the care and custody of her mother, the defendant by agreement of the parties and that she have the permanent custody of said child and that complainant pay to her $20 per month to be paid on July 1, 1947, and a like sum on the 1st day of each month thereafter until further ordered.

"It is therefore ordered, adjudged and decreed that the bonds of matrimony heretofore existing between the complainant and the defendant be hereby dissolved and henceforth held for naught; and that the complainant is hereby awarded and granted a full and complete divorce from the defendant; and that complainant pay all costs of this suit."

The record discloses that the provisions of the decree for the payment by appellant to appellee of the sum of $20 per month were incorporated therein by the court upon appellant's statement and representation to the court that he had agreed with his wife to pay her said monthly sums for the support of their minor child.

Appellee's petition to have appellant adjudged in contempt of court for non-compliance with the aforesaid decree was filed on November 16, 1949, and alleged that appellant had wilfully failed and refused to make the payments required of him, and that he was in arrears in the amount of $580.

Appellant's answer to the petition admitted that he was required by the provisions of the decree to make the payments, and averred that he had in fact paid all sums required of him with the exception of the sum of $120, which he had been financially unable to pay, and for which amount he was in default.

The proof on behalf of the appellee showed that appellant was a barber by trade, and had been earning consistently in average of $160 per month, and that he had wilfully and contumaciously failed and refused to make the payments provided for in the aforesaid decree, with the exception of an aggregate amount of $20, and that he was in arrears in the total sum of $580.

Appellant's proof presented no contradiction of the amount of his earnings, and showed that he had met all payments required of him with the exception of an aggregate amount of $120, and that he was subject to attacks of kidney stones, and had been unable to pay the amount in arrears because his earnings had otherwise

been necessarily consumed in medical and living expenses, and that he owned no property and had no money and no source of income other than his monthly earnings.

The chancellor found that appellant had wilfully and contumaciously failed to comply with the decree, and was in default in the sum of $580, and rendered a decree adjudging him to be in wilful and contumacious contempt of court, and directed that he be confined in jail until said sum of $580 should be paid. It is from this decree that appellant prosecutes this appeal.

Appellant contends, first, that the lower court erred in holding him in contempt of court for failure to meet the payments provided for in the divorce decree for the reason that said decree does not order him to make said payments. His position is that the provisions of the decree with respect to said payments are a part of the findings of the decree, and are not embraced in the mandatory part thereof. We are unable to bring ourselves in accord with this contention. In granting the divorce the court was authorized, under Section 2743, of the Mississippi Code of 1942, to make all orders touching the maintenance of the child of the marriage. Upon appellant's statement to the court that he had agreed with his wife to pay her $20 per month for the support of the child, the court incorporated this provision in the decree, and it became a part of the decree to be complied with. ██ █ The decree plainly provides that the payments shall be made "until further ordered", and thus the effect of the decree is to order the appellant to make the payments until such time as the court shall order otherwise. The record clearly shows that appellant so understood the decree since he admitted in his answer that he was required by the decree to make the payments, and claimed that he had in fact made all payments except the sum of $120.

It is our opinion, therefore, that the appellant was mandatorily required by the decree to make the pay-

ments therein provided for until the further orders of the court, and the trial court was amply warranted by the evidence in finding appellant in default in the sum of $580, and in adjudging him in contempt of court for his failure to pay the same.

Appellant further contends, however, that the lower court erred in committing him to jail until he shall have paid the said sum of $580.  We think this contention of the appellant is well taken under the authority of the cases of Ramsay v. Ramsay, 125 Miss. 185, 87 So. 491, 14 A. L. R. 712, and Collins v. Collins, 171 Miss. 891, 158 So. 914, 915. The proof was without dispute that appellant has no property and no means, except such as he may earn by his labors. In the Collins case, supra, the Court said: ''Under the rule announced in the Ramsay Case, the right of the court to commit a defaulting husband or father to jail until he complies with a former decree for alimony or support for his child is dependent upon his present ability to comply with the decree; and in determining his present ability to pay, the amount of his past earnings and the manner in which they have been expended is not controlling.''

The following language of the Ramsay case, supra, is likewise applicable: ''Since the appellant's financial condition is such that he cannot be imprisoned until he pays the arrears of the installments of alimony, or until he executes a bond so to do, the only way in which he can be coerced into paying the alimony is to hold over him the power to punish him for contempt when it shall be made to appear that he has not paid any of an installment of the alimony, but could have done so, had he so desired,'' [125 Miss. 185, 87 So. 494.]

Accordingly, we are of the opinion that it was error to commit the appellant to jail until he shall have paid the arrears of the allowances, and for this error the decree of the court below insofar as it commits the appel-

lant to jail until he shall have paid the arrears of the allowances is reversed and the cause remanded.

Reversed and remanded.

PER CURIAM.

The above opinion is adopted as the opinion of the Court, and for the reasons therein, the case is reversed and remanded.