KINCAID *v.* KINCAID.

Feb. 25, 1952.

No. 38264 (57 So. (2d) 263)

**Ernest Shelton** and **David Williams,** for appellant.

John W. Prewitt, for appellee.

Hall, J.

Appellee brought suit against appellant for divorce, alimony, attorney's fees and child support. The chancellor denied her a divorce, denied alimony and attorney's fees, but allowed her $65 per month for support of the child. On appeal we reversed the chancellor, granted a divorce, allowed $60 per month alimony to the wife and $150 attorney's fees, and affirmed the $65 per month allowance for support of the child. See Kincaid v. Kincaid, 207 Miss. 692, 43 So. (2d) 108, 15 A. L. R. (2d) 667, decided November 28, 1949.

Since the above decision the husband has paid the $150 attorney's fee but has paid nothing on the award of alimony and child support. On December 4, 1950,

Mrs. Kincaid filed a petition to have her husband cited to appear and show cause why he should not be adjudged in contempt of court and punished therefor. He answered the petition and admitted that he was in default as alleged but averred that he has been and still is financially unable to pay anything on the decree. He also filed a petition for modification of the decree. Upon the hearing the chancellor adjudged the husband in contempt of court for his failure to comply with the decree and remanded him to jail until he has purged himself of the contempt by paying the amount in arrears, and dismissed the petition for modification of the decree, from which action the husband appeals.

The original appeal bond was lost or misplaced by the chancery clerk and appellant has filed another appeal bond together with a motion for leave to substitute the same in lieu of the lost original and that motion is hereby sustained.

Appellant's argument is divided into four points but the same may be summarized generally info the contention that under the proof he should not have been adjudged in contempt and committed to jail. This necessitates a review of the evidence.

At the time of the first trial appellant was practicing his profession of dentistry in Vicksburg. Thereafter he moved from Vicksburg to his old home in Pelahatchie, Mississippi, where he took over the office of his deceased father who was also a dentist and which is situated in the yard of the residence occupied by appellant's mother with whom he now resides. This property is a part of his father's estate which has never been divided or distributed. The father left no will and there are three heirs to the estate upon which no administration has ever been had. He testified that he doesn't know whether he owns an interest in his father's estate,—"I just don't keep up with those things." He had the old residence torn down and a new one built on the same lot, but said that his mother paid for this out of his father's estate.

He said that he had no idea as to the value of his father's estate nor of what it consisted,—"Never heard it discussed." He admitted that in the past two years he has had three new automobiles which cost around $6,000; he said that his mother bought these automobiles and paid for them out of his father's estate but put the title in the name of appellant's sister. At the time of the separation he owned some bonds but later cashed these; he could give no account as to where this money went except the general statement that he used it to defray expenses. He has maintained a bank account in the bank at Pelahatchie but made no disclosure as to the amount of this account nor how it was used. He admitted that some months he could have been paying $30 or $35 a month to the support of his child and promised that in the future he would try to pay that much but did not explain why he had not been making even these meager payments. He offered no explanation as to why he had not sooner petitioned the court for a modification of the decree.

Appellant claimed that he is suffering with trouble in his back and said that he is unable to carry on his profession. He testified that if he stands on his feet as much as thirty minutes his back hurts him so severely that he had to lie down for two or three hours and that the only work he does is emergency dental work,—extracting teeth and trying to relieve people with toothache. He has kept no record of his earnings but estimated that he does not make over $50 a month. He offered as a witness a physician in Vicksburg to whom he has been about four times since the first trial. This physician testified that appellant has had a strain of the lower back muscles and that standing on his feet would aggravate this condition "as far as I can tell." This physician testified that his diagnosis is based on what appellant related to him, that he has patients with similar complaints who are working, and that if appellant had been resting a lot since 1948 his condition should have been better.

Appellant's sister testified that the three automobiles were bought by her mother but were put in her name. She said she did not know why appellant had to have three new automobiles in two years. She did not know whether appellant pays any rent or board to his mother. She also said that appellant is not able to work, and that he does not do a general practice but only extractions. The mother was not offered as a witness.

The mayor of Pelahatchie testified that he lives across the street from appellant, that appellant wears a brace but he doesn't know what is the matter with him, that he is not engaged in regular practice, that if he would do all the dental work that is wanted in Pelahatchie he would do well but that appellant told him he didn't want to do much work.

In Amis on Divorce and Separation in Mississippi, Section 206, the rule is stated that ██ a husband may not ask for modification of the original decree without showing that he has performed it or that its performance has been wholly impossible, and in Section 279 the author discusses the rules laid down in Ramsay v. Ramsay, 125 Miss. 185, 87 So. 491, 14 A. L. R. 712 on which both parties here rely, and points out that if the ██ husband undertakes to exonerate himself because of his inability to pay his proof must conform to those rules, namely: "That he earned all he could, that he lived economically and paid all surplus money above a living on the alimony decreed to the wife. And such proof must be made with particularity and not in general terms. In such a case he must show what his earnings were and what his living expense was, including that of those legally dependent on him, but not of any other person. The payment of other debts or expenses will not excuse or justify his default, unless such payment was necessary in order to continue his business or occupation, because the wife's right to alimony is a prior and paramount claim on his earnings. Nor will the fact that his earnings were insufficient to support himself and pay alimony

exonerate him if he has other money or property which he could sell or encumber to get money with which to make the payments, even though it may be exempt.'' See also Millis v. State, 106 Miss. 131, 63 So. 344, and Hamblin v. Hamblin, 107 Miss. 113, 65 So. 113. The foregoing views are not in conflict with what was said in Dickerson v. Horn, 210 Miss. 655, 50 So. (2d) 368, on which appellant relies and which case is clearly distinguishable from the case at bar.

In our opinion the chancellor was justified in holding that appellant has not met the test laid down in the foregoing authorities. On the proof before us we could certainly not hold that the decree of the lower court is manifestly wrong and consequently the decree of the lower court is affirmed.

Affirmed.

**McGehee, C. J.,** and **Alexander, Kyle** and **Holmes, JJ.,** concur.