LEWIS *v*. LEWIS.

Feb. 25, 1952.

No. 38281 (57 So. (2d) 163)

Easterling & Easterling, for appellant.

Quitman Ross, for appellee.

## McGehee, C. J.

After some extended litigation between the appellant, Freeman E. Lewis, and his wife, he was ordered and directed on May 2, 1949 to pay to her for the support of herself and their two small children the sum of $30 per week, together with an attorney's fee of $100, and the latter amount was paid in monthly installments. The decree also granted the wife, Mrs. Annie Ruth Lewis, a divorce, and awarded unto her the care and custody of the two children with the right of the father to visit said children at reasonable times "and to have said children visit him in the jurisdiction of the court."

The decree did not by its terms require that the wife should keep the children within the jurisdiction of the court, but only that he could have them visit him within the jurisdiction of the court. The wife thereafter moved with the children to Jefferson County, Alabama.

On January 23, 1951, Mrs. Lewis filed her petition in the same cause to have the appellant cited for contempt of court for failure to pay the sums which he had been directed to pay for the support of his said wife and children, and alleged that he was then in arrears to the total amount of $1,028.75. The citation for contempt was duly issued by the chancellor, returnable before him on February 6, 1951. In his answer thereto the appellant alleged that he had paid to the petitioner the approximate sum of $1,500; that he only earned about $50 per week after the deduction of his necessary expenses incident to carrying on his business of watch and jewelry repair; and that he had endeavored to comply with the former decree of the court by paying all that he could pay per week.

He further alleged that his wife had violated the terms of the decree by returning to Jefferson County, Alabama with the children, and that she had thereby made it impossible for him to visit the children or to have them visit him within the jurisdiction of the court.

At the hearing of the contempt proceeding, the appellant, Freeman E. Lewis, was called as an adverse witness by the petitioner, and he later testified on his own behalf, and as the only witness in the case. It appears from the testimony that at the time of the hearing, on February 6, 1951, the appellant had married a widow who was employed at a salary of $30 per week; and that he was also contributing to the support and maintenance of her two children, but he claimed that his second marriage had not rendered him less able to support his former wife and children due to the fact that his own income and that of his second wife were used as a joint fund for the support of the family.

It also appears from the testimony that after the divorce proceedings were concluded in May 1949, the petitioner in the instant proceeding in moving to Alabama had carried with her the household goods on which a part of the purchase price remained unpaid, and against which there would have been a vendor's lien which was thereafter paid off by the divorced husband. The chancellor did not therefore hold the appellant in contempt for failing to pay any arrears that accrued during the remainder of the year 1949, but found that he was in contempt of court for failing to meet the payments thereafter in the total amount of $700, and ordered that he be imprisoned in the county jail of Jones County until he purged himself of contempt by paying the said amount into court. From that decree he prosecutes this appeal with supersedeas.

It was for the consideration of the chancellor as to whether or not the appellant had rendered himself less able to support his former wife and his own children by remarrying and by purchasing a home, on the purchase price of which he is to pay the sum of $55 per month as compared with $10 per week that he had been paying for room and board at the time of the rendition of the alimony decree; but the question of whether or not he had the present ability to pay the sum of $700 at the time he was adjudged in contempt so as to purge himself of said charge is left somewhat in doubt in the record before us for the reason that the appellant as the only witness in the case was not interrogated, and he failed to testify, as to what property, if any, he then owned. The proof only disclosed that he earned approximately $50 per week as a watch and jewelry repairman, and whether he operated his business in his own or in a rented place does not appear. So far as the record discloses, he may or may not own an automobile or other personal property and real estate on which he could raise the sum of $700.

It is true that the failure of the husband to comply with the decree providing for payment of alimony

is prima facie evidence of contempt, to purge which the burden is upon him to prove his inability to pay, as held in the case of Ramsay v. Ramsay, 125 Miss. 185, 87 So. 491, 14 A. L. R. 712; but it is also true, as held in that case and in the cases of Collins v. Collins, 171 Miss. 891, 158 So. 914, and Dickerson v. Horn, 210 Miss. 655, 50 So. (2d) 368, that ▉▉ the court's power to commit a divorced husband to jail until he complies with the decree requiring him to make monthly payments for support and maintenance depends on his then present ability to comply with the decree, and that, in determining such ability, the amount of past earnings and how they have been expended is not controlling. The Court therefore is reluctant to affirm the decree of imprisonment in the absence of satisfactory proof that the defendant in the contempt proceeding could have purged himself of contempt by paying the full amount in arrears in a lump sum, as ordered to do. We therefore concluded to reverse and remand the 'cause for full proof on that issue in view of what is said in the three cases above cited.

▉▉ We are not unmindful of the fact that if the husband found that he was unable to meet the payments in full provided for under the decree of May 2, 1949, he should have made timely application in the same cause to have the decree modified, and that the court cannot relieve him of the civil liability for any payments that have already accrued; but it seems to have been held in the cases above referred to that the right to imprison him until he has paid the total sum now in arrears would depend upon his ability to do so at the time he was ordered to pay the $700 in order to purge himself of contempt. The case of Ramsay v. Ramsay, supra, also authorizes the court which renders a decree whereby alimony is ordered to be paid to the wife, to enter a fine against the husband for failure to pay the sum due where the failure to pay was willful, although this is not the exclusive remedy, since he may be committed to prison for contempt until he pays any sum for which he is in default, provided the

court finds, on sufficient proof, that he is then presently able to do so, and willfully remains in default.

Reversed and remanded.

**Alexander, Hall, Kyle,** and **Holmes, JJ.,** concur.