## ROBERTSON v. ROBERTSON.

March 8, 1954

No. 39112 56 Adv. S. 38 70 So. 2d 620

*Jesse W. Shanks*, Purvis, for appellant.

R. L. *Calhoun,* Hattiesburg, for appellee.

HALL, J.

The parties to this cause were married to each other in 1938 and were divorced in 1944. Two children were born of this union and in the final decree entered in 1944, their permanent custody was awarded to their mother, subject to further order of the court, and the father was directed to pay to the mother the sum of $50.00 per month, until further order of the court, for the support and maintenance of the children. In December, 1952, appellee filed a petition for citation for contempt against appellant alleging that he paid $10.00 under said decree on May 24, 1952, and that since that time he had paid only $5.00 thereon, on September 20, 1952, leaving $295.00 due thereon and that his refusal to pay the same was in utter disregard of and in contempt of said decree, notwithstanding the fact that he is able bodied and has been working and earning good wages.

After a hearing at the March, 1953, term of court, the chancellor entered a decree adjudging appellant in contempt and he appeals therefrom, contending that under the evidence and the applicable principles of law the

lower court erred in holding him in contempt. It is undisputed that appellant has made no payments since May, 1952, except those above stated. He testified that he has not been able to pay anything further. He has remarried and has four children by his second marriage. He admitted that since May, 1952, he worked for his father for four months and earned from $20.00 to $37.50 per week. Then he worked at a cotton gin for two and a half months earning $35.00 per week. He testified that in 1931, when he was eleven years of age, he was injured in an accident, fracturing his skull, his arm, and injuring his shoulder and that he is unable to do hard work. Since that time, however, he was employed as driver for a trucking company and earned $54.00 per week, and also operated a caterpillar tractor at which work he made $16.00 per day. He went to the eighth grade in public school and is not educated or specially trained for any profession or occupation. At the close of the ginning season in the fall of 1952, he rented land from his father which he intended to cultivate in 1953 as a tenant for one-half of the crop which he might produce, his father agreeing to furnish him supplies for making the crop and necessities on which to live. He testified that his wife and children by his second marriage are getting along fine and have something to eat, and that he intends to provide as much as he can for his children by his first marriage after he gets his fertilizer and crop paid for.

In the case of Kincaid v. Kincaid, 213 Miss. 451, 57 So. 2d 263, we were dealing with a contempt proceeding for failure of the husband to make payments for both alimony to the wife and child support, and we there said that when the husband undertakes to exonerate himself because of inability to pay, he must show that he earned all that he could, that he lived economically and paid all surplus money above a living on the decree; that he must show with particularity what his earnings were and what his living expense was, including that of those legally de-

pendent upon him. In the case at bar, we think the lower court was justified in finding that appellant has not sufficiently shown what his living expenses were and in adjudging appellant in contempt for failure to apply his surplus earnings over and above his living expenses to the satisfaction of the amount awarded under the decree for the support of the children. At least, we cannot say that the chancellor was manifestly wrong, and the decree appealed from will accordingly be affirmed.

Affirmed.

*Roberds, P. J.,* and *Lee, Kyle* and *Gillespie, JJ.,* concur.