205 So.2d 276 (1967)
Gladney HOOKER
v.
Mrs. Mary Frances HOOKER.
No. 44649.
Supreme Court of Mississippi.
December 18, 1967.
*277 Boudie A. Jaggers, Pontotoc, for appellant.
Doty & Thomas, Pontotoc, for appellee.
ETHRIDGE, Chief Justice:
This is an appeal from a decree of the Chancery Court of Pontotoc County denying the petition of Gladney Hooker, appellant, to modify an earlier coercive decree finding him in contempt of court for failure to make alimony and child support payments, and ordering his imprisonment unless certain payments were made. Since the undisputed evidence showed that after the earlier contempt decree appellant suffered financial reverses which rendered him wholly unable to comply with it, we reverse and remand.
In 1960 Mrs. Mary Frances Hooker, appellee, obtained a divorce from Gladney Hooker, with an award of permanent alimony and support for their one child of $300 per month. On March 2, 1966, she filed a petition for citation of contempt of court against her former husband. It averred that in 1964 the chancery court had found defendant in contempt, that he had made practically none of the payments awarded to her, and asked for a coercive decree and a judgment for the arrearage.
On March 18, 1966, the court, after a hearing, found Hooker in contempt because of his failure to pay the accrued sum of $14,225.94, rendered judgment against him for that amount, and sentenced him to be confined in the county jail for 180 days. He was afforded the opportunity to purge himself of such contempt by paying $1,000 before April 18, with confinement to be stayed for an additional thirty days, and further payments of $1,000 on May 18 and June 18 under the same condition. No appeal was taken from this decree of March 18. This record does not contain the evidence taken at the hearing prior to that decree.
On May 24, 1966, Gladney Hooker filed a petition for modification of the decree of March 18. He averred that on March 28, 1966, ten days after he had been found in contempt and sentenced, a bank foreclosed and sold the last of his property and business holdings; that he had enrolled judgments against him in the approximate amount of $75,000; that he was destitute and utterly unable to make the required payments; that he had lost his gasoline and oil dealerships among other businesses; and that his only means of earning a living was by day labor at a modest wage. Mrs. Hooker's answer admitted that judgments had been entered against appellant but denied his allegations of inability to pay.
At the hearing on October 4, 1966, Hooker testified that his sister had paid the first $1,000 due on April 18, but that she was unable to help him any further. After the decree of March 18 he was in the recapping business for only ten days. He had thought that he had found someone who would help finance his business, but after the contempt decree, this person refused. On March 28 the bank "sold everything that I had of any way in the world of making a living. * *" Hooker stated that he had not wilfully refused to pay the judgment, and had not thrown away or dissipated any funds. He admitted that at one time he had had a fairly successful business.
Appellant's counsel offered in evidence a certified copy of excerpts from the judgment rolls of Pontotoc County, which reflected enrolled judgments against appellant aggregating $87,005.66. These judgments *278 were rendered in 1961, 1962, 1963, and 1966. The chancery court sustained an objection to this evidence on the erroneous ground that it was not relevant to the proceedings to modify the former decree. It had probative value on the issue of appellant's existing financial ability to make the payments ordered by the court. However, the judgment rolls could have been authenticated in a more direct way.
It is manifest from the record that appellant's financial situation made it impossible for him to comply with the terms of the decree of March 18, and thereby purge himself of contempt. What remained of his property was foreclosed on March 28. His numerous efforts to find employment were thwarted by prospective employers' refusal to hire him while his contempt sentence was pending. He had no collateral, and, therefore, could not borrow any money. After his divorce from appellee, Hooker remarried, and he and his wife, who is in poor health, have a young adopted son. His son by appellee is eighteen years of age and has a scholarship at the University of Mississippi. Mrs. Hooker admitted that she knew nothing about her former husband's financial condition.
The chancery court held that at the hearing preceding the decree of March 18, 1966, the court considered all the facts, and found that Hooker was able to comply with the court's order and was in contempt. It stated that the testimony offered at the October hearing "has no bearing whatsoever on this case." The decree dismissed the petition and gave Hooker a stay of thirty days within which to purge himself of contempt.
A modification of alimony and child support which has been decreed payable continuously at stated intervals "will be justified where there has been a material change of circumstances as reasonably to affect the ability of the parties to abide by it and perform the original decree." Bunkley & Morse, Amis on Divorce and Separation in Mississippi § 6.11, at 193 (1957). Conversely, a husband may not petition for modification of the original decree without showing either that he has performed it or that his performance has been wholly impossible. Ramsay v. Ramsay, 125 Miss. 185, 87 So. 491, 14 A.L.R. 712 (1921), suggestion of error sustained in part, 125 Miss. 715, 88 So. 280, 14 A.L.R. 716 (1921). However, a husband may exonerate himself from failure to make alimony or child support payments as ordered, because of his inability to pay, but his evidence must be made with particularity and not in general terms. Kincaid v. Kincaid, 213 Miss. 451, 57 So.2d 263 (1952).
In the instant case, it is undisputed that since the contempt decree of March 18, 1966, there had been a material change of circumstances affecting the ability of Hooker to abide by and perform that and earlier decrees. On March 28 the remainder of his business and property had been foreclosed. He had tried to get a job, but had been unable to do so.
In short, the evidence reflects that since the decree of March 18, 1966, and before the October hearing, there had been material changes in circumstances, and that appellant had no property and no means, except such as he might earn by his labors. He had not been able to get a job, or funds, to enable him to make the payments directed. Accordingly, we are of the opinion that it was error to commit appellant to jail until he should have paid the stated arrears, and for this error the decree of the court below, insofar as it commits appellant to jail until he shall have paid the designated amounts, is reversed and the cause is remanded. Dickerson v. Horn, 210 Miss. 655, 50 So.2d 368 (1951); Collins v. Collins, 171 Miss. 891, 158 So. 914 (1935).
Reversed and remanded.
RODGERS, JONES, BRADY and ROBERTSON, JJ., concur.