246 So.2d 923 (1971)
Calvin MULLEN
v.
Marilyn McCaa MULLEN.
No. 46101.
Supreme Court of Mississippi.
February 22, 1971.
As Modified On Rehearing April 19, 1971.
Jacobs, Griffith & Hatcher, Laurence Y. Mellen, Cleveland, for appellant.
J. Wesley Watkins, III, Greenville, for appellee.
PER CURIAM:
The Chancery Court of Washington County, Mississippi, entered an order adjudging *924 Calvin Mullen to be in contempt for failure to pay child support directed to be paid in a decree of divorce rendered December 1, 1968.
The decree holding Calvin Mullen in contempt adjudged the amount due on the date of this decree (March 3, 1970) to be $3,319.12 for child support presently in arrears, and attorneys' fees in the amount of $575, together with all costs of court. Calvin Mullen was directed to be incarcerated unless he paid said amounts within 120 days of the said decree.
The record consists only of the testimony of Mrs. Marilyn McCaa Mullen and Calvin Mullen. Mrs. Mullen could only testify that she had not collected all the money. Mr. Mullen testified directly and positively that he had been injured in an automobile accident as a result of which he was confined to hospital and bed for over six months, walked on crutches for two and one-half months, had endeavored to secure employment, and had only been able to secure temporary employment for a short period of time. Mr. Mullen's testimony was not contradicted in any way. Donations had been made to him and loans had been made to him on which to live, and credit, including hospital and doctor bills incurred because of the accident aforesaid. It was shown that he had no property and no money at the time of the trial.
His evidence was uncontradicted, and as we see the record, stands undisputed. There is nothing that we can find which indicates he was able at the time of the hearing to purge himself of contempt.
For the reasons stated, we are reversing this case to the extent that appellant, Calvin Mullen, shall not stand convicted of contempt and suffer any prison sentence but shall be released from custody.
Appellant says the court erred in dismissing the cross-bill filed by him seeking a modification of the decree of December 1, 1968. If this were error, it was harmless error. For a modification of the original decree for support money, petitioner must show that he has performed it, or that its performance had been wholly impossible. Kincaid v. Kincaid, 213 Miss. 451, 57 So.2d 263 (1952). This is somewhat different from contempt proceedings. There the question is dependent on his then ability to comply with the decree. What he has had prior thereto and spent is not controlling. Lewis v. Lewis, 213 Miss. 434, 57 So.2d 163 (1952). When he seeks modification of the decree he must come with reasonable diligence, clean hands, and a showing of good faith. Here, appellant's evidence shows he had about $1,800 or $1,900 from loans and donations. He made no explanation of the disposition of this money. He also received $316 from the sale of a restaurant. His second wife was employed at $64 per week and appellant said she contributed to his support. He made no explanation of the spending of these sums he received except in general terms. We quote from Kincaid, supra:
In Amis on Divorce and Separation in Mississippi, Section 206, the rule is stated that a husband may not ask for modification of the original decree without showing that he has performed it or that its performance has been wholly impossible, and in Section 279 the author discusses the rules laid down in Ramsay v. Ramsay, 125 Miss. 185, 87 So. 491, 14 A.L.R. 712 on which both parties here rely, and points out that if the husband undertakes to exonerate himself because of his inability to pay his proof must conform to those rules, namely: "That he earned all he could, that he lived economically and paid all surplus money above a living on the alimony decreed to the wife. And such proof must be made with particularity and not in general terms. In such a case he must show what his earnings were and what his living expense was, including that of those legally dependent on him, *925 but not of any other person. The payment of other debts or expenses will not excuse or justify his default, unless such payment was necessary in order to continue his business or occupation, because the wife's right to alimony is a prior and paramount claim on his earnings. Nor will the fact that his earnings were insufficient to support himself and pay alimony exonerate him if he has other money or property which he could sell or encumber to get money with which to make the payments, even though it may be exempt." See also Millis v. State, 106 Miss. 131, 63 So. 344, and Hamblin v. Hamblin, 107 Miss. 113, 65 So. 113. The foregoing views are not in conflict with what was said in Dickerson v. Horn, 210 Miss. 655, 50 So.2d 368, on which appellant relies and which case is clearly distinguishable from the case at bar. (213 Miss. at 456-457, 57 So.2d at 265). See also Hooker v. Hooker, 205 So.2d 276 (Miss. 1967).
Neither appellant's cross-bill nor his evidence complied with these requirements. The cross-bill would have, of necessity, been dismissed at the close of the evidence.
The amount due was fixed by the chancellor which included the amount fixed by the December 1 decree, towit: $2,889.12 child support as of September 5, 1969, and subsequent accrued amounts. We cannot say the chancellor was manifestly wrong.
That part of the decree adjudging appellant in contempt of court is reversed and judgment shall be entered here discharging the appellant. That part of the decree determining the amount due under the former decree of December 1, 1968 is affirmed.
Reversed and rendered in part and affirmed in part.
All Justices concur.