INZER, Justice:
This is an appeal by George Wilborn from a decree of the Chancery Court of Scott County adjudging him in contempt of court for failure to pay child support as ordered by a decree rendered on September 15, 1970. We reverse and render.
Appellant and appellee, Mrs. Myrtis Er-line Burgess Wilborn (now Tillman), were formerly man and wife. To their union were born four children, two of whom are minors. Appellee was granted a divorce from appellant and awarded the custody of the two minor children. Appellant was ordered to pay $200 per month for the support of the children. On December 5, 1970, appellee filed a petition alleging appellant was in arrears in the payment of support and asked that he be cited for contempt of court. Before process was served upon appellant, he filed a petition for modification of the decree seeking to reduce the support payments because of a material change of circumstances. Appellant answered the citation for contempt and admitted that he was in arrears in the payments due under the decree, but denied *805 that he had willfully or contemptuously refused to comply with the decree. He alleged that he was and had been physically unable to work and that he had no funds with which to pay the support payments in full. The trial court refused to consolidate for the purpose of a hearing the petition for a citation for contempt with the petition for modification of the decree and directed that the citation for contempt be heard first.
After a hearing, the chancellor was of the opinion that appellant was in willful contempt of court for failure to perform the terms of the divorce decree. Appellant was ordered incarcerated in the county jail until he purged himself of the contempt by paying into the registry of the court the amount of $600 which the court found he was in arrears. Hence, this appeal.
The only proof offered by appellee was her testimony. She testified that appellant was in arrears in the amount of $600, and she thought he could have paid this money if he wanted to do so. She admitted on cross examination that she did not know the financial status of her former husband and stated that she had not tried to know.
The evidence on behalf of appellant shows without contradiction that he was injured in an automobile accident on January 3, 1970. He suffered a fractured skull with resulting brain damage and the loss of his right eye. His family physician testified that he had last examined appellant on March 25, 1971, and found that he had a mental derangement of his personality as a result of the accident. The doctor also testified that appellant was suffering with congestive heart failure which had developed since the accident. It was his opinion that the appellant was unable to work and that before his heart condition would improve he would have to lose a large amount of weight.
The evidence also showed that after the accident and before the divorce, appellant received $12,000 as an insurance settlement. Appellant testified that he had ex-
pended all of these funds for debts, living expenses, and expenses for treatment for his injury. He testified his automobile had been repossessed for failure to meet the payments and his home was being foreclosed at the time of the trial.
Appellant contends among other things that the trial court was in error in finding he was in willful contempt of court. Appellee did not file a brief in this court, and we have stated in numerous cases the rule is that the failure of appellee to file a brief is tantamount to a confession of error and will be accepted as such unless we can say with confidence after the consideration of the record and brief of appellant that there was no error. However, in view of the fact that this is a proceeding to enforce the payment of child support, we decline to invoke this rule and have reviewed the record to ascertain whether the evidence was sufficient to uphold the decree finding appellant in contempt of court. It should be pointed out that in an appeal from a conviction of contempt we are not bound by the rule that we will not reverse unless the chancellor is manifestly wrong, but under the provisions of Section 1152, Mississippi Code 1942 Annotated (1956), we must review the case and decide whether there has been an actual contempt of court. Although appellee established a prima facie case of contempt by showing the failure of appellant to abide by the terms of the decree, we are of the opinion that the evidence as a whole does not clearly establish that appellant was in contempt of court. It is also a well settled rule in this state that the court’s power to commit a person to jail until he complies with the terms of a decree depends upon his present ability to comply with the decree. In this case there is no proof that the appellant had any money, property, or credit with which he could purge himself of contempt. Lewis v. Lewis, 213 Miss. 434, 57 So.2d 163 (1952); Dickerson v. Horn, 210 Miss. 655, 50 So.2d 368 (1951); and Ramsay v. Ramsay, 125 Miss. 185, 87 So. 491 (1921).
*806 Appellant also contends that the trial court was in error in refusing to consolidate for hearing the petition for citation for contempt and the petition to modify the decree relative to child support. This was a matter in the discretion of the trial court, and, although it is the usual practice, the chancellor is not required to do so. The proof on both petitions is usually the same, but it does not necessarily follow that because a person is not in contempt he is entitled to have the support decree modified. Mullen v. Mullen, 246 So.2d 923 (Miss.1971).
For the reasons stated this case is reversed and the petition for citation for contempt is dismissed.
Reversed and rendered.
GILLESPIE, C. J., and JONES, BRADY and ROBERTSON, JJ., concur.