SMITH, Justice:
Lattice Faye Thompson has appealed from a decree of the Chancery Court of the Second Judicial District of Harrison County modifying the provisions of an earlier decree of that court under the terms of which she had been granted a divorce from appellee, Joseph Angelo Thompson, Jr., and awarded custody of their three minor children.
The former decree, granting a divorce and custody of the children to Lattice Faye Thompson, was entered on September 9, 1969. Two weeks after entry of that decree, Joseph Angelo Thompson, Jr., married again.
On February 2, 1972, Joseph Angelo Thompson, Jr., filed a petition alleging that there had been a material change in circumstances since entry of the former decree “highly detrimental to the welfare of the children” and asking that the former decree be modified and custody of the children awarded to him.
The charges against Lattice Faye Thompson, made in the petition for modification may be categorized as instances of alleged immorality and various forms of neglect of the children. Lattice Faye Thompson answered the petition, denied the charges and denied that there had been a material, or any significant, change in circumstances since entry of the former decree which either required or justified its modification. Moreover, she charged that Joseph Angelo Thompson, Jr., had failed to pay the awards made in the earlier decree for support of the children, was now in arrears in such payments in an amount in excess of $3,000.00, that her difficulties in caring for the children had been due to this fact and to the absolute necessity that she work at any job available in order to keep body and soul together. She also charged that petitioner had failed and refused to pay a large hospital bill incurred as the result of a severe illness of one of the children.
The court heard the case on petition, answer and proof, and, without an opinion or specific findings of fact, entered the decree appealed from, modifying the custodial provisions of the former decree.
He ordered that custody of two of the children be awarded to their mother for the nine school months of the year and that Joseph Angelo Thompson, Jr., have custody of the third child during those months. He provided further that, during the three summer months, custody of the two children, custody of whom had been awarded to the mother, for the nine school months, should be given to the father, and the one child whose custody had been awarded to the father during the nine school months, should go to the mother for the three summer months. It will be seen that under this plan there would never be any time when the three children would be living together. It is to be doubted that, in any event, such an arrangement would be in the best interest of the children. Gardner v. Pettit, 192 So.2d 696 (Miss.1966). However, in view of the conclusion we have reached in this case, it is unnecessary to decide that question.
Although the chancellor made no specific findings of fact and no written opinion appears in the record, it must be assumed that the chancellor rejected the charges of immorality and neglect made against the mother because in the decree appealed from he awarded custody of the children to her as stated above. Indeed, on the record, Joseph Angelo Thompson, Jr. wholly failed to establish by evidence the *408 charges of immorality, and any neglect was the result of default on his part in paying the sums for child support decreed against him. The evidence offered on the charge of immorality obviously was either hearsay or purely speculative or entirely irrelevant. Appellee’s default in payment of the support money awards also necessitated that the mother work in such jobs as she was able to obtain in order to live.
A decisive and controlling fact in the case is that no material change in circumstances adversely affecting the children, requiring or justifying modification of the former decree, was shown to have occurred. Cassell v. Cassell, 211 Miss. 841, 52 So.2d 918 (1951).
Moreover, appellant’s problems in caring for and looking after the children were due, in the main, to the father’s default in providing the money for their support as he had been ordered to do. That being so, the chancellor was in error in modifying the former decree. Taliaferro v. Ferguson, 205 Miss. 129, 38 So.2d 471 (1949); Kincaid v. Kincaid, 213 Miss. 451, 57 So.2d 263 (1952).
Therefore, the decree appealed from is reversed, and the provisions of the original decree of September 22, 1969, with respect to the custody and support of the children is reinstated. It is clear that appellee is in arrears in paying the sums required of him for the support of the children under the terms of the original decree but enforcement of payment is not before us on this appeal.
We note that appellant was required to enter into a ne exeat bond. We find no sound basis justifying the requirement that she do so and the order requiring it is reversed and appellant and her sureties are discharged.
Reversed and decree of September 22, 1969 reinstated.
RODGERS, P. J., and PATTERSON, INZER and ROBERTSON, JJ., concur.