348 So.2d 1341 (1977)
Charles B. TAYLOR
v.
Bobbie TAYLOR.
No. 49102.
Supreme Court of Mississippi.
August 10, 1977.
*1342 Cecil G. Johnson, Biloxi, for appellant.
Sekul, Hornsby, Wallace & Teel, Thomas L. Wallace, Walter W. Teel, Biloxi, for appellee.
Before GILLESPIE, SMITH and WALKER, JJ.
BROOM, Justice, for the Court:

ON PETITION FOR REHEARING
The former opinion of the Court herein handed down on April 27, 1977, is withdrawn and the following is now the opinion of the Court.
Contempt of court, and reduction of alimony, are the chief aspects of this appeal by Charles B. Taylor from a decree entered by the Harrison County Chancery Court, Second Judicial District. Taylor was held in contempt of court, and judgment was entered against him for $650 as delinquent alimony and attorney's fees previously awarded his former wife, Bobbie Taylor. The decree reduced future alimony from $100 to $70 per month and required Mr. Taylor to give security for such payments. By cross-appeal Mrs. Taylor claims that the amount of future alimony payments should not have been reduced. We affirm in part and reverse in part.
The Taylors were divorced in 1968 and subsequently Mrs. Taylor married another man. That marriage ended in another divorce, after which the Taylors remarried each other. In 1974 Mrs. Taylor sued Taylor for separate maintenance and for support and custody of their two children. She abandoned the separate maintenance claim and was granted a divorce upon her amended bill. The divorce decree (dated February 11, 1975) entered without any contest by Mr. Taylor directed him to pay Mrs. Taylor $200 per month for the support of their two children and awarded Mrs. Taylor their general custody. All child support payments have apparently been made and no issue of child support is before us. In addition to the child support, the court awarded Mrs. Taylor $100 per month as alimony.
There were a series of hearings culminating with the hearing at which the decree now appealed from was entered. Mrs. Taylor had petitioned the court to cite Mr. Taylor for contempt for failure to pay alimony. Mr. Taylor's answer admitted that he had paid no part of the alimony, and by crossbill he (seeking modification of the decree) averred changes in circumstances and conditions, and that, under present circumstances, the amount of alimony, when added to the $200 child support payments, was oppressive and beyond his ability to pay.
Following a full hearing upon the issues presented by these pleadings (at which both parties testified at length), the chancellor decreed that: (1) Mr. Taylor was in civil contempt of the court for failure to pay alimony and an attorney's fee allowed at a previous hearing; (2) Mrs. Taylor was awarded judgment against him in the amount of $650 representing delinquent alimony amounting to $300 and attorney's fees previously allowed in the amount of $350; (3) alimony awarded in the divorce decree be reduced from $100 to $70 per month; (4) Mr. Taylor pay $250 to reimburse Bobbie Taylor for additional attorney's fees incurred; (5) Mr. Taylor enter into bond in the amount of $420 to secure the faithful performance of the decree as to the attorney's fees allowed and future alimony; and (6) Mr. Taylor might purge himself of contempt by faithfully performing terms of the decree and that "should the defendant fail to make the alimony payments ... when due or should he fail to post said bond when due, the Clerk . . is directed ..." to issue process for Taylor's arrest and confine him in "Jail *1343 until such time as he does enter into bond or until such time as he makes said alimony payments... ."
Mr. Taylor presents the argument that, as contended in his crossbill which he filed in response to Mrs. Taylor's petition to cite him for contempt, the chancellor erred in not eliminating alimony completely. Noteworthy in this regard is the fact that Mr. Taylor did not appeal from the divorce decree which awarded the alimony and it follows that the decree is res judicata of the facts which then existed. Upon such a record, we cannot hold that the award of alimony was error.
The chancellor heard testimony with reference to Mr. Taylor's request that alimony be terminated or reduced. The rule is well established in our jurisprudence that alimony is subject to modification under certain circumstances and conditions; usually modification is permissible upon a showing of a substantial change in circumstances. Mrs. Taylor cogently argues that Kincaid v. Kincaid, 213 Miss. 451, 57 So.2d 263 (1952), is authority which should have precluded the chancellor from reducing her alimony. Kincaid requires that modification of an alimony decree should not be decreed without the petitioner "showing that he has performed it or that its performance has been wholly impossible." Such a showing must be with particularity and not in general terms. Upon this record it cannot logically be held that Mr. Taylor's failure to pay at least some fraction of the alimony was "wholly impossible." Although he said he was not able to pay the alimony, in itemizing his living expenses he shows that he spends $48 per month for gasoline which was admittedly partly for pleasure. The itemization also includes monthly expenses for cigarettes, club dues, going to the movies and "one thing and another."
It is clear that Mr. Taylor failed to prove with particularity the impossibility of his paying some part of the alimony as decreed. One cannot admittedly spend money on pleasure driving, movies, cigarettes and "one thing and another" and be heard to say that it was wholly impossible for him to comply, at least partially, with a decree ordering alimony. Therefore, reduction of monthly alimony was error because under Kincaid, supra, Mr. Taylor was not in proper posture to assert that circumstances had changed since alimony was decreed. As to the changes of circumstances relied upon by Mr. Taylor as grounds to have the decree modified regarding alimony, we note that the changes of circumstances were not clearly shown and such changes were hardly more than minor changes (even if Mr. Taylor had complied with the decree).
Accordingly, we reverse Item 3 of the decree appealed from dated May 21, 1975, which reduced alimony from $100 to $70 per month. Also, we reverse Item 6 of the decree which authorized the clerk to issue process for Mr. Taylor's arrest and confinement should Taylor "fail to make the alimony payments ... when due... ." This portion of the decree was in excess of the power of the court because confinement of Taylor under such a decree without a hearing would have denied him due process of law. All other provisions of the decree are affirmed and Mr. Taylor is ordered to pay Mrs. Taylor an additional $125 (one-half that ordered below) attorney's fee in connection with the appeal.
In conclusion we point out that trial of the cause when the divorce decree, child support, and alimony were ordered was by one of the chancellors of the district; the proceedings which led to the decree appealed from were tried by another chancellor. Difficult issues were raised and presented on conflicting evidence, but we hold that the decree appealed from should be affirmed except those portions which this opinion states are reversed.
The case was considered by a conference of the Judges en banc.
AFFIRMED IN PART AND REVERSED IN PART AND DECREE ENTERED HERE IN ACCORDANCE WITH THE FOREGOING OPINION.
PATTERSON, C.J., INZER, P.J., and ROBERTSON, SUGG, WALKER and LEE, JJ., concur.
*1344 SMITH, P.J., dissents.
BOWLING, J., took no part.
SMITH, Presiding Justice, dissenting:
I respectfully dissent from that part of the decision which directs the continuance of alimony payments by Charles Taylor.
I cannot concur in the conclusion that Taylor should continue to pay his divorced wife alimony. He is paying, and has never sought to evade paying, the amount allowed for the support of his children. Alimony is not a punishment or should not be. Appellant is completely and finally divorced from Charles Taylor, does not live with him, and performs no services for him whatever. She is a self-supporting adult and I do not believe that public policy or any cogent reason requires that Taylor continue to be burdened with alimony payments to her under the circumstances of this case. Nor is this view affected by the fact that, as the majority points out as a justification of its decision, Taylor will have left out of his income "$48.00 for gasoline which was admittedly partly for pleasure" and also he pays for "cigarettes, club dues ($4.00 per month to Elks Club), going to movies and one thing and another." One can hardly imagine a more austere existence or more frugal indulgence in personal "pleasures" than Taylor's  Nothing has been more truly said than this, "Man does not live by bread alone."