516 So.2d 1354 (1987)
Charles Michael JONES
v.
Sarah B. Jones HARGROVE.
No. 57303.
Supreme Court of Mississippi.
December 2, 1987.
*1355 J.P. Coleman, Joseph H. Loper, Jr., Coleman & Coleman, Ackerman, for appellant.
E.V.E. Joy, Jackson, for appellee.
Before HAWKINS, P.J., and PRATHER and ZUCCARO, JJ.
PRATHER, Justice, for the Court:
Civil contempt of court is the subject of this appeal from an order of the Chancery Court of Choctaw County. On April 4, 1986, Charles Michael Jones was held in civil contempt and imprisoned until he paid certain arrearages in child support. The chancellor also issued a writ of ne exeat. On appeal, Jones assigns as error the following:
(1) The Chancery Court of Choctaw County erred when it barred the appellant from court and denied a hearing on his present inability to comply with the court order, with the result that Charles Michael Jones spent six months in jail for civil contempt.
(2) The Chancery Court of Choctaw County erred when it issued a writ of ne exeat on an ex parte application and thereafter denied Charles Michael Jones a hearing on the validity of the writ.

I.
Jones and Hargrove were divorced on September 15, 1981, on the ground of irreconcilable differences. They were the parents of three minor children for whom support was ordered in the amount of $300.00 per month. Upon motion of Hargrove, on January 5, 1983, the chancellor ordered Jones to pay, inter alia, child support in arrears. Apparently, payment of the majority of the past due child support was made. Thus begins a long and detailed history of court proceedings aimed toward receiving the ordered child support.
On August 1, 1983, Jones filed a petition for modification of the prior divorce decree insofar as custody and child support were concerned. On August 29, Hargrove filed an answer and counter-claim seeking, inter alia, payment of past due child support payments with interest and an adjudication of contempt against Jones. Hargrove retained custody, and Jones was ordered to pay the child support arrearage which had accrued since his last payment.
On March 22, 1984, Hargrove again filed a motion to find the defendant in contempt. On April 10, 1984, the chancellor entered a default judgment, ordering that Jones be jailed until he paid the sum of $6,304.08. Jones admits he received notice and does not attack the validity of this order.
On November 7, 1985, the chancellor entered a supplemental judgment readopting and reaffirming the April 10th judgment, further ordering any law officer in the state to apprehend Jones and to imprison him until payment of the $6,304.08 adjudged *1356 against him on April 10, 1984. On the same day, Hargrove petitioned for a writ of ne exeat, signing an affidavit stating that Jones' whereabouts had not been known since April, 1984. Finding the petition meritorious, the chancellor issued a writ of ne exeat, on the same day, ordering any law officer of the state to arrest Jones and detain him until execution of a ne exeat bond in the sum of $20,000.
Jones was arrested and incarcerated on November 9, 1985. Thereafter, November 13, 1985, Hargrove filed a motion to supplement the April 10, 1984 order, to raise the judgment to $17,654.03. On January 13, 1986, Jones petitioned the court to discharge or modify the writ of ne exeat. On motion of Hargrove, the chancellor dismissed Jones' petition on January 24, 1986 on the ground that the petition was not properly before the court because Jones had failed to purge himself of the court's former finding of contempt.
On January 31, 1986, Jones responded to Hargrove's motion to supplement by alleging his inability to pay the child support, being wholly without any financial resources whatever at the time, having been in jail since November 9, 1985. He also moved for modification of the decree finding him in contempt, praying the court to release him from the judgment, to lift the writ of ne exeat, to give him the opportunity to find a job, to set up a schedule of payments and to release him from responsibility of any further child support for the two older children.
On April 4, 1986, on motion of Hargrove, the chancellor dismissed all of Jones' motions and barred him from bringing any matter before the court until payment of $6,304.08 delinquent since before April 10, 1984. The court also found that at the time of the April 10, 1984 order, Jones was able to pay the amount of the judgment to Hargrove. Jones was held in civil contempt until he paid the above sum, and so long as it remained unpaid, Jones was barred from bringing any further matters before the court. It is this order, dismissing the petition for modification, which was initially appealed on April 11, 1986.
On April 18, 1986, Hargrove filed her second amended motion to supplement the April 10, 1984 order and was heard on April 25, 1986. On June 25, 1986 (the first filing of the record on appeal having been on June 3, 1986), the chancellor entered an order supplementing previous orders. Having been incarcerated since November and alleging a present inability to pay the delinquent child support ordered, Jones petitioned the circuit court for habeas corpus, which petition and release was granted. However, the chancellor ordered that Jones be imprisoned again until he pay $6,178.08 (the amount of the April 10, 1984 judgment less $126.00 received as a result of garnishment at that time), plus legal interest. [This Court ordered his release pending appeal, upon posting of an appearance bond. Jones v. Hargrove, 493 So.2d 346 (Miss. 1986) (on motion for reconsideration of stay granted by Hawkins, J.).] The chancellor also ordered payment of past due child support for a total judgment of $17,199.46 and ordered that the ne exeat bond in the amount of $20,000 remain in effect. This order was appealed on July 2, 1986.
As the appellant points out, the chancellor refused to hear him on the issue of inability to pay since April 10, 1984. Thus, as to the merits of that claim, the chancellor made no findings of fact which this Court can review.

II.
Did the chancery court err when it jailed the appellant for civil contempt and refused to consider his present ability to pay?
Hargrove argues that on April 10, 1984, when Jones was ordered to pay the delinquent child support, he had a job and ability to pay, but quit the job when his wages were garnisheed. The chancellor did make such a finding of ability to pay, as noted in his April 4, 1986 order. Jones responds that he is not attacking the validity of the *1357 April 10, 1984 order, but instead is attacking the April 4, 1986 order barring him from bringing any matters before the court because of his contempt. Jones complains of the court's refusal to allow him to present proof of his inability to pay at the time he was incarcerated. Jones' contention is that his incarceration amounts to indefinite imprisonment for a condition that he was in no position to remedy and thus is a denial of due process as guaranteed by the Federal and State Constitutions. Incarceration until such time as he pays his arrearage, without a present ability to pay, Jones insists, amounts to imprisonment for debt. Miss. Const. art. 3, § 30.
The law is well settled that upon establishment of a prima facie case of contempt, the defendant may avoid judgment of contempt by establishing that he is without present ability to discharge his obligation, but he has the burden of proving his inability to pay, and such a showing must be made with particularity and not in general terms. Clements v. Young, 481 So.2d 263, 271 (Miss. 1985). Nothing in this opinion should be construed to challenge these basic principles.
It is also a well-settled rule in this state that the court's power to commit a person to jail until he complies with the terms of a decree depends upon his present ability to comply with the decree.
Wilborn v. Wilborn, 258 So.2d 804, 805 (Miss. 1972).
The statutes authorizing the chancellor to punish for breach of decrees by fine or imprisonment and authorizing the court to fine and imprison persons refusing to obey judgments of the court until the judgment shall be complied with, Miss. Code Ann. §§ 9-5-87 and 9-1-17 (1972),
"... provide respectively for criminal and for civil or quasi criminal contempts. Order for imprisonment in the former case for a past and completed act or omission, is punitory and must be suffered; in the latter case the punishment is coercive and the contemnor may discharge himself by compliance with the terms of the decree violated. The first is to preserve the power and vindicate the dignity of the court; the latter is to compel obedience to its decrees... ."
Sappington v. Sappington, 245 Miss. 260, 147 So.2d 494, 498 (1962) (quoting Evans v. Evans, 193 Miss. 468, 9 So.2d 641, 642 (1942).
The Court here is faced with a civil contempt, which has been defined as follows:
If the purpose of the proceedings is to coerce action or non-action by a party, the order of contempt is characterized as civil. This type contempt proceeding is ordinarily instituted by one of the parties to the litigation who seeks to coerce another party to perform or cease performing an act. The order of contempt is entered by the court for the private benefit of the offended party. Such orders, although imposing a jail sentence, classically provide for termination of the contemnor's sentence upon purging himself of the contempt. The sentence is usually indefinite and not for a fixed term. Consequently, it is said that the contemnor "carries the key to his cell in his own pocket." [citations omitted]
On the other hand, a criminal contempt proceeding is maintained solely and simply to vindicate the authority of the court or to punish otherwise for conduct offensive to the public in violation of an order of the court. Ex Parte Earman, 85 Fla. 297, 95 So. 755 (1923)... .
Pugliese v. Pugliese, 347 So.2d 422, 424 (Fla. 1977) (quoted in Varvaris v. State, 512 So.2d 886, 887 (Miss. 1987)).
In support of his position, the appellant cites Hooker v. Hooker, 205 So.2d 276 (Miss. 1967), which is analogous to the instant case. In Hooker, the appellant petitioned for modification of an earlier coercive decree finding him in civil contempt of court for failure to make alimony and child support payments, and ordering his imprisonment unless certain payments were made. As in the instant case, the appeal was not taken from the original decree, but *1358 from a decree six months later, dismissing the petition for modification because Hooker was able to comply with the court's order when adjudged in contempt. The lower court held that the testimony of financial reverses had no bearing on the case. However, this Court reversed. Because it was undisputed that there had been a material change of circumstances affecting the present ability of Hooker to abide by and perform the contempt decree, this Court held it was error to commit him to jail until he should have paid the stated arrears. Thus the decree of the court below, insofar as it committed the defendant to jail until he shall have paid the designated amounts, was reversed, and the cause remanded. Id. at 277-278.
It is true that in Hooker the undisputed evidence showed that Hooker's inability to pay was not a result of his misconduct. However, whether misconduct caused the inability to pay is irrelevant in the case of civil contempt, due to the purpose of a civil contempt decree. Where the contemnor is unable to pay, even if that present inability is due to his misconduct, imprisonment cannot accomplish the purpose of a civil contempt decree, which is to compel obedience. See Miss. Const. art. 3, § 30.
In the case of a civil contempt, if the defendant has been committed to prison he is entitled to be discharged on proof of inability to pay. "However, where the purpose of the incarceration is punitive, as in the case of a criminal contempt, a contemnor may be incarcerated regardless of an offer of payment or a present inability to make payment." 27C C.J.S. Divorce § 715 (1986).
In the case of Brown v. Brown, (1933), 205 Ind. 664, 187 N.E. 836, [the Supreme Court of Indiana] stated that when one has been imprisoned for failure to comply with an order ... and where [the] defendant is able to show that he has not the actual ability to pay for any one of a number of valid reasons, then [the] defendant is entitled to be discharged. The Court went on to hold that a defendant cannot be imprisoned indefinitely because of a failure to pay support money where it is shown that he does not have an ability to make such payments and cites such a practice as being unconstitutional on the grounds of cruel and unusual punishment.
Smith v. Indiana State Board of Health, 303 N.E.2d 50, 60 (Ind. App. 1973). A contemnor simply cannot be imprisoned if he does not have the means by which he may purge himself of the contempt, because to do so would authorize the trial court to confine him for life. Ex Parte Raymer, 644 S.W.2d 889, 890 (Tex. App. 1982). The result of Jones' inability to pay may well be an unfortunate one, and this Court appreciates the frustration possibly experienced by the trial judge, but the fact remains that one cannot be imprisoned where the failure to pay is due to an inability to comply. Murphy v. Murphy, 447 So.2d 798, 800 (Ala. Civ. App. 1984).
This Court holds that this case should be reversed and remanded to give Jones an opportunity to prove his present inability to pay, as alleged in his petition for modification of the decree finding him in contempt, and to give the trial court an opportunity to fashion a remedy not inconsistent with this opinion.

III.
Is the writ of ne exeat void as a matter of law since there was no showing that the appellant was about to leave the jurisdiction of the courts of the State of Mississippi?
The chancellor's order regarding the requirement of a ne exeat bond was correct. The defendant may move to discharge or modify the writ or bond if he is not in contempt. Johnson v. Johnson, 189 Miss. 561, 570, 198 So. 308, 310 (1940); V.A. Griffith, Mississippi Chancery Practice, § 498 (2d ed. 1950).

IV.
Counsel for appellee filed a motion to withdraw counsel. The motion was denied *1359 by this Court as all briefing was complete, and oral argument was denied. This Court notes that its denial of the motion on October 28, 1987, was for purposes of this appeal and without prejudice to such a motion in the Court below on remand.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.