WALKER, Presiding Justice,
for the Court:
ON PETITION FOR WRIT OF HABEAS CORPUS
The petitioner was found in contempt of court for failure to pay the sum of $8,000.00 plus interest as previously ordered in the final decree of divorce entered July 2,1982. The order of the chancery court finding Mr. Crechale in contempt provided as follows:
IT IS, THEREFORE, ORDERED AND ADJUDGED that any lawful officer of the State of Mississippi take Paul John Crechale into custody and deliver him to the Sheriff of Hinds County, who is hereby ordered to take custody of the said Paul John Crechale and to confine him in the Hinds County Detention Center until he has purged himself of said contempt by payment of the sum of $8,000.00 plus interest and costs.
IT IS FURTHER ORDERED AND ADJUDGED that Defendant pay to Plaintiff the further sum of $ 300.00 as a reasonable attorney’s fee for the preparation, filing and hearing on the Motion to Find Defendant in Contempt.
Mr. Crechale contends that he can obtain sureties in order to post an appearance bond guaranteeing that if this Court affirms the judgment of the lower court he will appear and abide by the terms of the chancery court holding him in contempt, i.e., he will surrender to the Sheriff of Hinds County and be confined in the Hinds County Detention Center until he has purged himself of said contempt by payment of $8,000.00 plus attorney’s fees, plus interest and costs; but, that he is unable to obtain sureties who will guarantee payment of the judgment if he abides by the order of contempt by presenting himself to the Sheriff, if the case is affirmed.
Mississippi Code Annotated section 11-51-12 (Supp.1983) provides:
(1) A person ordered by any tribunal, except the supreme court, to be punished for a civil contempt, may appeal to the court to which other cases are appealable from said tribunal. If jail confinement is ordered to compel the payment of any monetary sum, the contemnor shall be allowed to appeal upon the execution of an appearance bond, payable to the appel-lee, with sufficient sureties, to be approved by the sheriff or other officer in *121 whose custody the appellant may be, in the penalty of one hundred twenty-five percent (125%) of such sum as he has been adjudicated in contempt for failure to pay, unless the court shall determine that a lesser bond should be required. The bond shall be conditioned to abide the results of the appeal.
(2) Where the punishment for civil contempt is other than jail confinement, the contemnor shall be allowed to appeal upon the posting of a bond, payable to the appellee, with sufficient sureties, to be approved by the tribunal appealed from, in an amount to be fixed by such tribunal, conditioned to abide the results of the appeal.
(3) All appeals allowed in accordance with the provisions of this section shall operate as a supersedeas.
(4) The burden of proof in civil contempt shall be proof by a preponderance of the evidence.
In effect, Mr. Creehale’s argument is that section 11-51-12 provides for nothing more than an appearance bond and that if he appears to abide by the terms of the chancery court order holding him in contempt, i.e., that he go to jail until he pays the sum of $8,000.00, etc., then the terms of the bond would be satisfied and there would be no further obligation on the sureties. He concedes, however, that in the event he should not appear to abide by the judgment, then the sureties would be bound to pay unto Michelle F. Crechale, his former wife, the sum of $8,000.00 plus interest and costs.
Michelle F. Crechale contends that section 11-51-12 should be interpreted to mean that if this Court should affirm the judgment of contempt entered by the chancery court against her former husband, the sureties would be obligated to pay her the sum of $8,000.00 plus interest and costs.
This case is one of first impression and the authorities cited by neither party are helpful.
We have carefully considered section 11-51-12. It clearly refers to the bond as an “appearance bond.” Accordingly, if this Court should affirm the judgment of the lower court holding Paul John Crechale in contempt and he failed to appear to abide by that order, the sureties would be obligated to pay Michelle F. Crechale the sum of $8,000.00 plus interest and costs. On the other hand, if Mr. Crechale should appear to abide by the order of contempt and surrender himself to the Sheriff of Hinds County, the sureties would have no further obligation under the appearance bond.
For the reasons stated above, the stay of execution on judgment of contempt heretofore entered is set aside and the Sheriff of Hinds County shall be at liberty to enforce the judgment of the chancery court holding Mr. Crechale in contempt, subject to Mr. Crechale posting an appearance bond as provided by section 11-51-12 and approved as provided by law.
PATTERSON, C.J., BROOM, P.J., and ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.