Before DAN M. LEE, ROBERTSON and ANDERSON, JJ.,
for the Court:
This matter is before the Court upon the motion of Sarah B. Jones Hargrove, Plaintiff below and Appellee here, for reconsideration of an order heretofore entered by a single Judge of this Court staying, pending appeal, enforcement of an Order of the Chancery Court of Choctaw County committing Charles Michael Jones to the custody of the Sheriff of Choctaw County for civil contempt, to-wit: his failure to pay some $6,304.08 in past due child support.
We did not treat the merits of this long running controversy between the parties. From what has been filed with this Court already, coupled with what according to the advice we have received of counsel is on the way, there are many issues to be litigated before this Court on appeal, including, but not limited to, the question of whether Jones was correctly adjudged in contempt of a prior order of the Chancery Court. Our question today is limited: whether Jones is entitled to release upon posting bond and, if so, the appropriate terms and conditions of such a bond.
By way of background, on April 10,1986, the Chancery Court entered its order adjudging Jones in contempt of court and committing him to the custody of the sheriff until he purge himself of his contempt. Of interest, though not dispositive, is Jones’ subsequent effort to secure his release via an application to the Circuit Court of Choctaw County for a writ of habeas corpus. On May 19, 1986, the Circuit Court entered its order allowing Jones’ release upon his posting of a $10,000.00 appearance bond returnable to the Supreme *347 Court of Mississippi. The bond was in fact posted and Jones was released.
Just over a month later — on June 25, 1986, the Chancery Court entered a supplemental order again ordering Jones committed to the custody of the Sheriff of Choctaw County. Jones was detained and on June 25, 1986, Jones through counsel applied to this Court for a stay of the Chancery Court’s Order of June 25 pending appeal. Justice Armis E. Hawkins of this Court entered an Order for stay and established a briefing schedule for the parties with respect to the merits of the question of whether Jones should remain at liberty pending appeal and, if so, on what conditions. It is Hargrove’s motion for reconsideration that is before us today. In connection with our consideration of same, we note that we have received extensive written submissions from both parties and have had the benefit of oral argument by counsel for each party.
We consider that the sole question before us is whether Charles Michael Jones may be released from custody pending the various appeals before us and on their way to this Court. We consider that the matter is controlled by statute. Miss. Code Ann. § 11-51-12 (Supp.1985) provides:
(1) A person ordered by any tribunal, except the supreme court, to be punished for a civil contempt, may appeal to the court to which other cases are appealable from said tribunal. If jail confinement is ordered to compel the payment of any monetary sum, the contemnor shall be allowed to appeal upon the execution of an appearance bond, payable to the ap-pellee, with sufficient sureties, to be approved by the sheriff or other officer in whose custody the appellant may be, in the penalty of one. hundred twenty-five percent (125%) of such sum as he has been adjudicated in contempt for failure to pay, unless the court shall determine that a lesser bond should be required. The bond shall be conditioned to abide the results of the appeal.
******
(3) All appeals allowed in accordance with the provisions of this section shall operate as a supersedeas.
Charles Michael Jones is entitled to the benefits of Section 11-51-12. We have studied carefully the voluminous papers filed by Hargrove and have listened attentively to the argument of her counsel. We find no reason offered why Jones should not be entitled to release under Section 11-51-12 except that it is inconsistent with Hargrove’s strategem to keep Jones in jail until he or someone on his behalf pays the past due child support. This is insufficient reason to avoid the clear language of the statute. We hold that Jones is entitled to release pending appeal in accordance with the terms and conditions of Section 11-51-12. In Re Crechale, 441 So.2d 120, 121 (Miss.1983).
The statute provides that the amount of the bond shall be one hundred twenty-five percent (125%) of the sum the Appellant has been adjudicated in contempt for failure to pay. The April 10, 1986 Order of the Chancery Court of Choctaw County adjudges Jones in contempt of court for his failure to pay the sum of $6,304.08. We consider that the statute requires of Jones a minimum bond in the principal amount of $7,880.10.
Hargrove argues that the bond should be conditioned so that, in the event of affirmance by this Court, payment of the $6,304.08 child support would be forthcoming. Jones, on the other hand, argues that all the statute requires is an appearance bond, that is, a bond which assures that he will appear to abide the judgment of this Court on the contempt issue.
The point is controlled by our decision in In Re Crechale, 441 So.2d 120 (Miss.1983). In a similar context, Crechale holds
that the bond must be conditioned to assure that the contemnor will, in the event of affirmance in this Court, surrender himself to the sheriff and that once the contemnor so surrenders, the sureties would have no further obligation under the appearance bond. 441 So.2d at 121.
*348 Nothing in Section 11-51-12 entitles Har-grove to be put in a stronger position than she would have been if the contempt judgment of the Chancery Court had been allowed to become final with no appeal taken. What, and all, may be required of Jones is a bond in the minimum amount of $7,880.10 payable to Hargrove and conditioned so that, in the event this Court should ultimately affirm the judgment of contempt, Jones will surrender himself to the Sheriff of Choctaw County from whose custody he may presumably then obtain release upon payment of the past due child support.
As noted above, incident to Jones’ release at the order and instance of the Circuit Court of Choctaw County on May 19, 1986, a bond in the amount of $10,000.00 was in fact delivered to the Sheriff of Choctaw County and filed with the Circuit Court of Choctaw County. A copy of this bond is attached to this opinion. By reason of the contentiousness we have found to exist between the parties, we order this day that the attached bond shall be deemed modified and conformed in all respects to comply with the provisions of Section 11-51-12, except that the penal sum thereof shall remain in the amount of $10,000.00. The bond shall then remain in full force and effect pending disposition of the various matters to be presented to this Court.
The clerk of this Court is directed to serve by registered mail, return receipt requested, a certified copy of this opinion and bond upon Charles T. Jones and Maxine Jones, sureties.
MOTION FOR RECONSIDERATION DENIED.
WALKER, C.J., ROY NOBLE LEE, P.J., and PRATHER, SULLIVAN and GRIFFIN, JJ., concur.
HAWKINS, P.J., not participating.
IN THE CIRCUIT COURT OF CHOCTAW COUNTY, MISSISSIPPI
VACATION TERM, MAY 20, 1986
IN THE MATTER OF THE PETITION FOR HABEAS CORPUS FILED BY
CHARI.ES MICHAEL JONES NO. 1825

*349 Michael Jones on the Writ of Habeas Corpus, provided that he should make a good and sufficient bond in the sum of $10,000, to be and appear to respond to the judgment of the Supreme Court of Mississippi when that Court decides the appeal there now pending from the Chancery Court of Choctaw County, Mississippi, in the case of Mrs. Sarah B. Jones Hargrove vs. Charles Michael Jones, Number 5532 in said Chancery Court.
If the said Charles Michael Jones shall promptly appear in response to said obligation as herein set out this bond shall be null and void; otherwise to be in full force and effect.
WITNESS OUR SIGNATURES, this May 20, 1986.

I approve the within and foregoing Bond on this May 20, 1986, and X have released the prisoner, Charles Michael Jones, in accordance wi'thtthe terms of the judgment of the said Circuit Court of Choctaw County.