BROOM, Justice,
for the Court:
Alimony security is challenged here: impression of a lien upon the property of Thomas Hershel Morgan (appellant) to secure his paying alimony, etc. as provided in the parties’ divorce decree. When Mr. Morgan defaulted, his former wife Ada Lam-mons Morgan (appellee) initiated contempt proceedings in the Chancery Court of Simpson County; the court decreed him to be in contempt and fixed a lien against his property to secure future payments. Mr. Morgan, on his appeal, argues that fixing a “lien on property to insure future installments not now due is constitutionally infirm,” and “constitutes an invalid restraint on alienation” of his property. We affirm.
Succinctly stated, the facts are as follows. Decree of the Chancery Court of Simpson County dated July 29, 1976, divorced the parties and awarded child custody to Mrs. Morgan. By agreement made part of the decree, various real and personal properties became vested in the respective parties, and Mr. Morgan agreed to pay Mrs. Morgan alimony as follows: $25,000 per year for a period of three years from the date of the agreement, $20,000 per year for the next three years, and, thereafter, $16,000 per year until Mrs. Morgan’s death or remarriage. The decree also provided that Mr. Morgan would pay for their children’s college education. In addition he agreed to pay certain medical expenses: all of the minor children’s medical expenses and all of Mrs. Morgan’s medical expenses exceeding $600 per year. At that time Mrs. Morgan (as was known to Mr. Morgan) was a victim of Multiple Sclerosis to the extent that she was unable to care for herself.
It appears that after incurring financial reverses and marrying another woman, Mr. Morgan defaulted in making the decreed alimony and medical payments to his former wife. She then filed a contempt petition (as amended) charging him with substantial arrearage, about $26,000, relative to the years 1977, 1978, and a part of 1979. She averred that he owned considerable property against which the court should impress a lien as security for payments *896 under their former decree. Proper process was personally served upon him; he answered, and by cross petition, sought modification of the prior decree. After hearing the matter, the lower court decreed that Mr. Morgan was in contempt for failure to pay alimony, etc. to the extent of over $26,000 and awarded Mrs. Morgan $331 suit money and a $500 attorney’s fee. The decree fixed a lien on certain of Mr. Morgan’s real and personal property. In his findings the chancellor noted that Mrs. Morgan has Multiple Sclerosis which was known to the parties when they agreed to their property settlement. In his argument that impressing the lien offended both the United States and the Mississippi Constitutions, Mr. Morgan asserts that fixing the lien
to ensure payments of future installments of alimony amounts to a prejudgment or conclusive presumption that Petitioner will not pay such future installments. Indulging in such a presumption, and, therefore, by-passing the recognized procedure for obtaining a judgment of contempt ... is analogous to saying the Petitioner is guilty until he proves himself innocent rather than innocent until proven guilty.
Further assertion by Mr. Morgan is
that the attachment of a lien to secure the payment of future installments is also invalid because the same amounts to a prejudgment seizure of the property of the Petitioner, which is violative of procedural due process.
WAS THE IMPOSITION OF THE LIEN ON MR. MORGAN’S PROPERTY IMPERMISSIBLE UNDER ARTICLE 3, SECTION 14 OF THE MISSISSIPPI CONSTITUTION OF 1890, OR THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION? Mr. Morgan argues that under the court’s decree imposing the security
he is presumed guilty until he proves his innocence, all of Petitioner’s real and personal property must remain burdened until all of his alimony obligations cease.
He further contends that imposition of the lien on his property amounts to a conclusive presumption that in the future he will not comply with the decree ordering the support payments and alimony.
In his brief, Mr. Morgan relies upon the landmark case of Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972). Fuentes involves state statutes of Pennsylvania and Florida pursuant to which certain personal property was seized by authority of a writ of replevin summarily issued without any notice or hearing being afforded the property owner. In the instant case, it cannot be said that Mr. Morgan was denied benefit of a hearing because the record clearly shows he was properly before the court upon appropriate process both when the original decree providing for the alimony and support was entered and when he was adjudged in contempt of court for failure to comply with that decree. In this connection we note that no lien was impressed upon Mr. Morgan’s property until he demonstrated by his conduct that he would not comply with the terms of the decree which he agreed to when it was entered.
Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), another landmark case relied upon by Mr. Morgan, is not applicable because of radically different factual circumstances. There the issue focused upon summary termination of welfare benefits without affording a recipient prior notice or any hearing. In addition to Fuentes and Goldberg, Mr. Morgan cites a number of other cases in support of his argument against the imposition of the lien, but all of them are factually dissimilar to the present case.
Long time, well established case law of this state is that the lower courts in instances such as that now before us may impose a lien on the husband’s property in order to insure payment of alimony. Smith v. Smith, 293 So.2d 466 (Miss. 1974); Pierce v. Pierce, 267 So.2d 300 (Miss. 1972).
The State of Mississippi has a substantial interest in situations presented like the present case concerning a disabled former *897 wife (the appellee) who may become a charge on society unless Mr. Morgan is compelled to support her according to their agreement embodied in the decree, Here the record shows that after he and his former wife were divorced, he remarried and spent large sums of money pursuing his interest in horses. He expended considerable funds decorating the residence occupied by him and his second wife. After his divorce, he gave expensive gifts to his second wife and spent substantial sums of money on pleasure trips and the like. The situation here is dissimilar to Taylor v. Taylor, 348 So.2d 1341 (Miss. 1977) which states that a chancellor may not summarily order a party incarcerated in the event that he fails to make alimony payments in the future.
We reject the argument that the lien imposed “amounts to prejudgment seizure” of Mr. Morgan’s property in violation of his due process procedural rights. He set in motion the chain of events which culminated in the decree containing the order impressing the lien. Only after he took the initiative of suing for a divorce, did she seek divorce and alimony for herself. Then Mr. Morgan agreed to the decree providing for her to have alimony along with other items to be furnished by him. Having taken the initiative and triggered the unfortunate chain of events, he defaulted in paying what he agreed to pay. None of the authorities cited by Mr. Morgan are analogous to the present case, and therefore they are not controlling. The lien imposed was decreed only after the court accorded a full-blown hearing to Mr. Morgan. Upon the circumstances of the case, the decree imposing the lien was reasonable. Sanders v. Hicks, 317 So.2d 61 (Miss. 1975). The lien in no way restricts Mr. Morgan’s right to dispose of the land or use it except that it will remain as security until he fully discharges his obligation to his former wife or makes other arrangements to secure payments by some reasonable means acceptable to the lower court. Had Mr. Morgan complied with or made appropriate efforts to comply with the original decree approved by him under which he bound himself to support his former wife, there would not have been any reason for the court to impress the lien. As stated in 27B C.J.S. Divorce § 250(4)c (1959), “The court may restrain the husband from disposing of certain property until the alimony award is paid.” Dissette v. Dissette, 208 Ind. 567, 196 N.E. 684 (1935). The same authority in § 268, at pages 149-150, cites McCraney v. McCraney, 208 Miss. 105, 43 So.2d 872 (1950) and states “as a general rule the courts have power ... to make a decree for alimony ... a lien on the real estate of the husband.... ” Mississippi Code Annotated § 93-5-23 (Supp. 1980) provides that the court which decrees a divorce “may, in its discretion ... make all orders ... touching the maintenance and alimony of the wife or the husband ... and ... require sureties.... ” Our conclusion is that the court, without encroaching upon Mr. Morgan’s constitutional rights, acted upon substantial evidence and reasonably within its powers in fixing the lien against Mr. Morgan’s property. Therefore, affirmance is required.
AFFIRMED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, LEE, and HAWKINS, JJ., concur.
BOWLING, J., took no part.