494 So.2d 365 (1986)
Billy Doyle ALEXANDER
v.
Patricia ALEXANDER.
No. 55835.
Supreme Court of Mississippi.
September 17, 1986.
*366 Edward D. Lancaster, John P. Fox, Houston, for appellant.
Cliff R. Easley, Jr., Yancy, Easley & Cooper, Bruce, for appellee.
Before WALKER, C.J., and SULLIVAN and ANDERSON, JJ.
SULLIVAN, Justice, for the Court:
As a result of their divorce in November of 1981, Patricia Alexander received custody of their teenage son. Billy Alexander was ordered to pay her $50.00 a month alimony and $200.00 a month child support. As a part of their agreement Patricia Alexander conveyed her interest in their home and 1200 acres of land to Billy Alexander for the sum of $48,000.00. This money was to be paid to her at the rate of $400.00 per month and if Billy Alexander was financially able to do so, every fall he was to pay an additional $2,500.00 to $3,000.00 on this indebtedness to Patricia Alexander.
Billy Alexander was also to pay premiums on two life insurance policies. One $20,000.00 policy was payable to Patricia Alexander as the named beneficiary. The other policy was for $100,000.00 and Patricia Alexander was the beneficiary to $50,000.00 of that amount and the two children of the parties were the beneficiaries to the remaining $50,000.00.
*367 Their son lived with his mother from the time of the divorce until March 1, 1982, when he moved in with his father. Billy Alexander paid Patricia Alexander $200.00 per month through March of 1982. Thereafter he paid the child support money directly to his son.
Billy Alexander cashed in the two whole life insurance policies and replaced them with a million dollar term policy that still provided $70,000.00 to Patricia Alexander as a named beneficiary.
Patricia Alexander filed a Petition for Citation of Contempt against Billy Alexander for his failure to pay her $200.00 per month child support since April, 1982, for cashing in the two insurance policies, and for failing to make the additional fall land payments to her. By way of relief her claim sought a money judgment for the face value of the policies, or in the alternative that substitute insurance would be purchased; a $1,000.00 per month payment at 12 percent interest on the land purchase money agreement; and an increase in alimony from $50.00 per month to $500.00.
Billy Alexander answered denying that he had failed to comply with the divorce decree and agreement and seeking modification of that decree to grant him custody of the teenage son of the parties.
The chancellor granted custody to Billy Alexander and denied an alimony increase to Patricia Alexander. The chancellor also terminated further child support payments from Billy Alexander to Patricia Alexander effective January 1, 1984. The chancellor denied an increase in alimony to Patricia Alexander. Billy Alexander was found to be in civil contempt for failure to pay child support for 20 months in the total amount of $4,000.00 plus interest and further, for canceling the insurance. The chancellor ordered Billy Alexander to pay $4,000.00 plus interest and purchase a $70,000.00 life insurance policy with Patricia Alexander as the named beneficiary. The chancellor found Billy Alexander financially unable to pay the $2,500.00 to $3,000.00 annual lump sum payment on the land and denied relief in that regard. However, because of the financial circumstances of Billy Alexander the chancellor, to insure the payment of the back child support and the remaining balance of the purchase money indebtedness in the original amount of $48,000.00 on the land, impressed a lien upon Billy Alexander's property.
Billy Alexander sought to appeal with supersedeas and Patricia Alexander asked for a bond of $111,200.00 which represented $37,200.00 owed on the land, $4,000.00 in back child support, and $70,000.00 which was her interest in the insurance. The chancellor, however, set the supersedeas bond at $6,000.00.

I.

WAS IT ERROR TO GRANT A $4,000.00 AWARD PLUS INTEREST FOR BACK CHILD SUPPORT WITHOUT ALLOWING ANY CREDIT FOR THE TIME DURING WHICH THE MINOR LIVED WITH HIS FATHER?
The chancellor relied upon Rubisoff v. Rubisoff, 242 Miss. 225, 133 So.2d 534 (1961), Rainwater v. Rainwater, 236 Miss. 412, 110 So.2d 608 (1959), and Chandler v. Chandler, 222 Miss. 759, 77 So.2d 255 (1955), in awarding the back child support plus interest. This reliance by the chancellor is misplaced.
Wilson v. Wilson, 464 So.2d 496 (Miss. 1985), sets forth the principles and policies which undergird our law on child support. This support money belongs to the child, not to the custodial parent and the custodial parent has no right to the support money independent of the child.
The issue before us is should any relief be granted a father who paid the child support to the custodial parent until such time as the child moved in with the father if the father continued to make the child support payments directly to the child where the father did not petition the court to modify the divorce decree?
Many of our cases in which relief has been granted seem to turn upon the fact that a petition to modify was filed. Clearly it is the better practice to file a petition to modify but failure to do so will not, in all circumstances, automatically prevent a court of equity from giving credit to *368 the non-custodial parent if the facts and circumstances warrant it.
Duty to support children is upon both parents and it is a continuing duty, both legal and moral in nature, and a vested right of the child growing out of the marriage relation. Simpson v. Rast, 258 So.2d 233 (Miss. 1972); Rasch v. Rasch, 250 Miss. 885, 168 So.2d 738 (1964) (emphasis added).
Child support is awarded to the custodial parent for the benefit and protection of the child, the underlying principle being the legal duty owed to the child for the child's maintenance and best interest. Hailey v. Holden, 457 So.2d 947 (Miss. 1984). Child support benefits belong to the child, who is the only party that may compell an accounting of child support sums from the parent who receives them. Trunzler v. Trunzler, 431 So.2d 1115 (Miss. 1983). It is obvious that the assertion of a child's right to child support is not by virtue of a parent's legal right to funds but by virtue of the fiduciary relationship owed to the child. Trunzler, supra.
If we affirm the chancellor's back award of child support to Mrs. Alexander, we will create a situation of unjust enrichment in Mrs. Alexander. This is true because during the entire period of time for which Mrs. Alexander claimed support Mr. Alexander had the child in his custody, was supporting the child, and furthermore, was paying the child the $200.00 a month child support called for by the decree.
Under these circumstances Mrs. Alexander would have no claim to the back child support except to accept it as a conduit to pass it directly to the child or back to Mr. Alexander for the use and benefit of the child. We consider this a vain and foolish act. In our opinion, when the custodial parent received full child support during the time she had custody of the child, did not complain when the child moved in with the other parent, and accepted this arrangement for 20 months with child support being paid directly to the child, the parent paying the support is entitled to full credit for all support paid to the child. He is also entitled to any additional support which he has evinced by satisfactory proof to the trial court.
If Mrs. Alexander objected to her son moving in with Mr. Alexander she had only to file a contempt action to say so. She did not. Granted the father or the child through his next friend could have and should have filed a petition to modify the prior decree. They also did not.
Equity and good conscience forbid a windfall to a parent that did not object to a custody change and in fact simply because the other parent did not notify the court of the change either. This is particularly so where the support money continued to be paid and the child was never deprived of its use and benefit.
Under the circumstances of this record the chancellor might well have found both parents in contempt of court for modifying a court decree without notice to the court or with the permission of the court. He might even have fined them for so doing. However, it is unconscionable that he should punish only one parent by ordering payment of what has already been paid to a party who no longer has any claim to that payment.
We therefore reverse the award of $4,000.00 back child support plus interest and enter judgment here that Billy Alexander is entitled to $4,000.00 credit for the $200.00 a month paid directly to his child for the 20 month period in which the father himself had the custody of the child. The judgment in favor of Mrs. Alexander for $4,000.00 plus interest is reversed and held for naught.

II.

WAS IT ERROR TO PLACE A LIEN UPON MR. ALEXANDER'S LAND?
As to the $4,000.00 plus interest which was not owed, the chancellor was in error.
Billy Alexander argues that he had no notice that a lien might be placed upon his land and further, that Patricia Alexander did not ask for such a lien. In this position he relies upon our decision in Duncan v. Duncan, 417 So.2d 908 (Miss. 1982), which *369 held that the appellee was bound by her pleadings and the chancellor had no authority to award appellee a greater amount than that prayed for in her petition.
The evidence showed that Billy Alexander was indebted to the tune of approximately $510,000.00. The chancellor recognized this indebtedness both in finding Billy Alexander was unable to make the annual payments on his debt to his former wife and as his reason for securing the balance due upon that debt to the former wife by imposing the lien on the property to Billy Alexander. By virtue of the fact that Mrs. Alexander sued for a judgment on that indebtedness there was sufficient notice to Mr. Alexander that the possibility of the attachment of the lien existed and a full hearing was had on that issue. Furthermore, the debt secured amounts to a purchase money lien for the purchase money for the very land itself. We, therefore, find that Billy Alexander was deprived of no constitutional rights by the impression of the lien upon his property to secure the balance due to his wife by purchasing her interest in the property. Morgan v. Morgan, 397 So.2d 894 (Miss. 1981). If the impressment of this lien unduly restricts Mr. Alexander's farming operation, he may either discharge it by payment of the balance due to his wife, or he may secure the payments by some other method acceptable to the chancery court.
The chancellor was therefore not in error to impress the lien on the Alexander property to secure payment of the remaining purchase price of that property to Mrs. Alexander.

CROSS-APPEAL

I.

DID THE COURT ERR IN NOT REQUIRING MR. ALEXANDER TO PURCHASE WHOLE LIFE INSURANCE POLICIES FOR THE APPROXIMATE SAME CASH VALUE THAT THE PREVIOUS POLICIES HAD AT THE TIME THE PREVIOUS POLICIES WERE CASHED IN?
In view of the fact that Mrs. Alexander requested a money judgment for the face value of the two policies or in the alternative, that substitute insurance be purchased in the amount of $70,000.00 and the chancellor ordered the purchase of substitute insurance in the amount of $70,000.00, there is no merit to this assignment of error.
The original decree which granted Mrs. Alexander policies of whole life did not grant to her the cash surrender value of those policies and the modified judgment which allowed Mr. Alexander to replace those policies with a term policy does not alter her position. She was entitled to $70,000.00 worth of insurance under the original decree. She has $70,000.00 insurance under the present decree. This assignment of error is without merit.

II.

DID THE LOWER COURT ERR IN ONLY REQUIRING A $6,000.00 SUPERSEDEAS BOND?
Mrs. Alexander seems to be asking this Court to increase the supersedeas bond to the amount on which statutory damages may be awarded by this Court under the authority of Mississippi Code Annotated, § 11-3-23 (Supp. 1985).
That section provides that the Supreme Court shall render judgment against an appellant for damages at the rate of fifteen percent (15%) should the case be affirmed.
The maximum damages that would have been available to Mrs. Alexander under the pleadings and the ruling of the trial court was $4,000.00 plus interest and a $6,000.00 supersedeas bond set by the chancellor was more than adequate to cover that amount. The issue, however, is mooted by our decision as set out above. There is no merit to this assignment of error.
The judgment of back child support of $4,000.00 plus interest is reversed and rendered in favor of the appellant herein. The judgment impressing a lien upon the property of the appellant is reversed to the *370 extent that the lien included $4,000.00 plus interest and remanded to the chancellor for hearing to determine the balance due on the purchase money owed to Mrs. Alexander for which amount the impressment of the lien is affirmed.
AFFIRMED IN PART; REVERSED AND RENDERED IN PART; AND REVERSED AND REMANDED IN PART.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.J., and DAN M. LEE, PRATHER, ROBERTSON, ANDERSON and GRIFFIN, JJ., concur.