501 So.2d 1117 (1987)
Paul J. O'NEILL
v.
Avis O'NEILL.
No. 56257.
Supreme Court of Mississippi.
January 28, 1987.
*1118 B. Stirling Tighe, Tighe & Tighe, Jackson, for appellant.
Barry W. Gilmer, Samuel B. Magruder, Jr., Gilmer & Jones, Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and PRATHER and ANDERSON, JJ.
ANDERSON, Justice, for the court:
The question before the Court is whether the chancellor abused his discretion in granting appellee relief from certain obligations imposed by a former decree and placing these obligations upon the appellant. We find that there was no abuse of discretion and so we affirm.
This appeal arises from the chancellor's modification of a former decree of divorce between the parties that gave appellee custody of the parties' minor child and exclusive use and possession of the marital home and directed her to make the mortage payments.
In September 1983, appellee and the child removed their residence to another state with permission of the court, but failed to petition the court to remove the requirement that she pay the mortgage notes. In the December 1984 modification decree, the chancellor held that as a matter of equity the wife was relieved of the obligation to make mortgage payments due on the marital home after November 1, 1983. The chancellor further ruled that the appellant/husband was liable for the payments after November 1, 1983, since he had moved into the home in September  immediately after the wife's departure (without permission of the court) and has continually occupied the premises.
The court also awarded $500 attorney's fees to appellee. It is from these rulings that appellant prosecutes this appeal.

DISCUSSION OF LAW

ASSIGNMENT OF ERROR NO. I: DID THE CHANCERY COURT HAVE POWER TO ADJUDGE THAT THE HUSBAND WAS RESPONSIBLE FOR PAYMENT OF MONTHLY MORTGAGE PAYMENTS AND OTHER AMOUNTS WHICH THE WIFE WAS OBLIGATED TO PAY UNDER THE DECREE OF FINAL DIVORCE.
Appellant relies upon Rubisoff v. Rubisoff, 242 Miss. 225, 133 So.2d 534 (1961) in support of his claim that the obligation of appellee to make the mortgage payments had vested as an obligation by the appellee and as a benefit to appellant and the chancellor's application of equitable considerations was improper.
In Rubisoff, the Court basically held that installments of alimony became fixed and vested when due as set out in the decree and the chancellor was in error in reducing the amount of past due installments. The case at bar is distinguished from Rubisoff in that we are not here concerned with alimony payments.
Clearly payment of the mortgage notes by the appellee were intended to run as benefits to the child and not to the appellant. Moreover, Rubisoff went on to say that the rule announced in that case does not mean that the chancery court cannot adjust equities and claims against such judgments.
Appellant also cites Hambrick v. Prestwood, 382 So.2d 474, (Miss. 1980), wherein this Court held that past due installments of child support to the custodial parent become vested as they become due and cannot thereafter be reduced. Again, appellant cannot claim rights in the payment as child support, especially in light of the fact that he is the non-custodial parent.
In Alexander v. Alexander, 494 So.2d 365 (Miss. 1986), the appellant was directed in the final decree to pay child support to appellee for the benefit of their minor child. The child subsequently moved in with the appellant who ceased making child support payments to the appellee and made them directly to the child. Appellee then sought to hold appellant in contempt and require him to make back payments to her in view of the fact that appellant had failed to petition the court to modify the order requiring *1119 payment to appellee. The court in Alexander said:
Many of our cases in which relief has been granted seem to turn upon the fact that a petition to modify was filed. Clearly it is the better practice to file a petition to modify but failure to do so will not, in all circumstances, automatically prevent a court of equity from giving credit to the non-custodial [or custodial] parent if the facts and circumstances warrant it. (Emphasis added).
494 So.2d at 367-68.
In the case at bar as in Alexander a petition to modify should have been filed, but failure to do so does not prohibit the chancellor from applying equitable principles. The order requiring payment of the mortgage by the appellee was presumably incidental to the occupancy and possession of said property by appellee and the minor child and certainly not intended as a benefit from appellee as the custodial parent to appellant. No alimony was awarded either party.
Common sense renders it most unreasonable to believe that in all fairness, appellee should be required to maintain a home for her child and to also maintain a home for her ex-husband despite the existence of legal technicalities. This Court would not, where there is an equitable alternative, assist in the manipulation of the law for such an unjust result.
As in Alexander, the chancellor in this case had authority to resolve the matter equitably in requiring appellant to pay past mortgage debts and to modify future payments of the mortgage. This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. II.

DID THE HUSBAND HAVE THE RIGHT TO REENTER THE HOME PROPERTY WITHOUT THE NECESSITY OF OBTAINING ANY PERMISSION FROM THE CHANCERY COURT.
Appellant states that "included in the chancery court's findings was a holding that the husband had no right to assume the use and occupancy of the home property," and assigns this as error.
The record indicates that the court did not rule on the husband's right to reenter the property, but merely modified the decree to state that he was entitled to use and occupancy from the date of the modification and that as a matter of equity he was required to pay for the time he lived in the home.
We find no basis for any allegations of error and need not address this issue further.

ASSIGNMENT OF ERROR NO. III

DID THE CHANCERY COURT HAVE AUTHORITY TO AWARD ATTORNEY'S FEES TO THE WIFE AND TO THE CONTRARY SHOULD THE COURT HAVE AWARDED ATTORNEY'S FEES TO THE HUSBAND.
This Court has consistently held that the matter of determining attorney's fees in a divorce action is largely entrusted to the discretion of the chancellor. Walters v. Walters, 383 So.2d 827 (Miss. 1980), Devereaux v. Devereaux, 493 So.2d 1310 (Miss. 1986).
The court heard evidence regarding the extensive litigation instigated by appellant and appellant's reluctance to cooperate in settling the matters. After receiving this evidence the court stated: "Although the expenses of litigation etc. have been extremely heavy on both sides that the equities would require at least a small payment by Dr. McNeill for attorney's fees and I would set that at $500." It is the function of the chancellor to weigh all of the facts and assess the circumstances and to award attorney's fees accordingly. Hartley v. Hartley, 317 So.2d 394 (Miss. 1975).
Appellant failed to show any abuse of discretion by the chancellor in awarding attorney's fees. Therefore, this award will not be disturbed.
In addition to briefs filed in this case the appellee submitted to this Court a *1120 motion for award of attorney's fees and court costs, seeking an additional sum of $250 for representation in this appeal. In response to the motion for attorney's fees, appellant requested that the Court reverse the award of attorney's fees and not allow any attorney's fees to appellee.
Under the holding in Rogers v. Rogers, 373 So.2d 816 (Miss. 1979), the Court allowed attorney's fees to appellee because of continuing litigation by the appellant apparently calculated to harass appellee and deplete her income. In considering the merit of the allegations before us and the history of litigation and resistance alluded to in the record, this appeal appears more closely akin to harassment than a quest for justice.
While the issue of harassment has not been placed squarely before this Court, we find from a thorough review of the circumstances, sufficient reason to grant appellee's motion for attorney's fees for representation in this appeal and hereby award the sum of $500.00.
AFFIRMED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and GRIFFIN, JJ., concur.