# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CA-01499-COA

**JAMES WALTER SCHIMPF JR.**                                                          **APPELLANT**

**v.**

**KARIN L. SCHIMPF HARDY**                                                              **APPELLEE**

DATE OF JUDGMENT:              05/08/2017
TRIAL JUDGE:                  HON. CYNTHIA L. BREWER
COURT FROM WHICH APPEALED:    MADISON COUNTY CHANCERY COURT
ATTORNEY FOR APPELLANT:       MARK A. CHINN
ATTORNEY FOR APPELLEE:        HEATHER MARIE ABY
NATURE OF THE CASE:           CIVIL - DOMESTIC RELATIONS
DISPOSITION:                  AFFIRMED IN PART; REVERSED AND
                              RENDERED IN PART - 05/28/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE CARLTON, P.J., TINDELL AND McDONALD, JJ.

### TINDELL, J., FOR THE COURT:

¶1.     On August 23, 2016, the Madison County Chancery Court entered an interim order on issues of contempt and modification of child support and child custody that had arisen between James Walter Schimpf Jr. (Walt) and his ex-wife, Karin Schimpf Hardy (Karin). In the interim order, the chancellor awarded Walt, the noncustodial parent, temporary care and custody of the parties' two minor children. Following the entry of the interim order, Walt began to place each month's child-support payment of $3,000 in his attorney's trust account as the payment became due.

¶2.     On May 8, 2017, the chancellor entered her final judgment. Among other things, the

final judgment modified custody so that Walt received sole physical custody of the couple's children. The final judgment also terminated Walt's child-support obligation and ordered Karin to begin paying child support. The final judgment did not, however, credit Walt for the $3,000 a month in child-support payments that he had made during the nine months between the entry of the interim order and the effective termination date of his support obligation. Instead, the chancellor ordered "[a]ll child[-]support funds currently in trust accounts and/or escrow, if any, . . . [to] be immediately disbursed to Karin." The chancellor also held Walt in contempt for failing to reimburse Karin for some of the children's medical and extracurricular-activity expenses. The chancellor therefore ordered Walt to pay the past-due expenses, plus interest at the rate of 8% a year.

¶3. Walt filed a motion for clarification or reconsideration as to (1) his continued liability for child support between the date of entry of the interim order and the effective termination date of his obligation and (2) the date on which his 8% interest began to run. Karin filed a motion for a new trial. By order entered September 26, 2017, the chancellor denied both parties' posttrial motions. On appeal, Walt argues the chancellor erred by failing to credit him for the child-support payments he made during the nine months the parties' children were temporarily in his sole physical custody pursuant to the chancellor's interim order.

¶4. Because we agree that the chancellor erred as to this issue, we reverse that portion of the chancellor's judgment. In rendering a judgment in Walt's favor, we find that Walt is entitled to a return of the $27,000 in child-support payments he made during the nine months he had temporary physical custody of the parties' children pursuant to the chancellor's

2

interim order. As to all other aspects of the chancellor's final judgment, we affirm.

**FACTS**

¶5. Walt and Karin married in 1994. During the course of their marriage, they had two daughters. On June 27, 2006, the chancellor granted the parties a divorce and awarded them joint legal custody of their minor daughters. Karin received primary physical custody subject to Walt's visitation. The chancellor ordered Walt to pay $3,000 a month in child support and to pay one-half of the children's medical and extracurricular-activity expenses.

¶6. On June 19, 2015, Walt filed a "Petition to Modify Custody, Visitation[,] and Child Support and for Contempt and Other Relief." Walt's petition alleged three counts of contempt against Karin for her failure to comply with the divorce decree. Walt also sought sole physical custody of the parties' children or, alternatively, joint physical custody and modification of the visitation schedule. In responding to Walt's petition, Karin filed an answer and a counterclaim for contempt against Walt. Karin also sought modification of child support and the visitation schedule. Karin subsequently filed additional contempt motions and a request for emergency relief. On June 15, 2016, the chancellor denied Karin's request for emergency relief.

¶7. On August 10, 2016, the chancellor held a hearing on the parties' various filings for modification and contempt. After hearing the evidence, the chancellor determined it was in the children's best interest that she enter an interim order until she could enter her final judgment. In her August 23, 2016 interim order, the chancellor ordered Walt to place into his attorney's trust account the sums for child support and medical expenses that Karin

3

alleged he had failed to pay her. The chancellor also ordered Walt to begin placing each month's child-support payment in his attorney's trust account as the payment became due. In addition, the chancellor awarded Walt temporary care and custody of the children, with Karin to receive certain specified visitation.

¶8. On May 8, 2017, the chancellor entered a final judgment on the issues of modification and contempt. The chancellor denied all of Walt's claims of contempt against Karin. As to Karin's claims of contempt against Walt, the chancellor granted some but denied others. For instance, the chancellor held that Walt was not in contempt for any failure to pay past-due child support but that he was in contempt for his failure to reimburse Karin for one-half of the children's past-due medical and extracurricular-activity expenses through July 2016. The chancellor awarded Karin $6,458.70, plus interest at the rate of 8% a year, for the past-due medical and extracurricular-activity expenses and $1,948 for attorney's fees and filing fees related to her successful contempt claims.

¶9. With regard to modification of child custody, the chancellor found that the circumstances in Karin's home had substantially and materially changed since the entry of the divorce decree and that the changes were adverse to the children's well-being. After finding a material change in circumstances that adversely affected the children, the chancellor conducted an *Albright*[1] analysis to determine a custody arrangement that was in the children's best interest. Based on the *Albright* analysis, the chancellor found it was in the children's best interest for Walt and Karin to share legal custody and for Walt to receive sole

---

[1] *Albright v. Albright*, 437 So. 2d 1003, 1005 (Miss. 1983).

physical custody subject to Karin's visitation.

¶10. As a result of the child-custody modification, the chancellor also modified child support. The chancellor ordered that, effective June 1, 2017, Walt would be relieved of his child-support obligation and Karin would begin paying $680 a month in child support until both children's emancipation. The chancellor did not, however, return to Walt the child support he had paid into his attorney's trust account during the nine months he had temporary custody of the children. Instead, the chancellor directed that "[a]ll child[-]support funds currently in trust accounts and/or escrow, if any, shall be immediately disbursed to Karin."

¶11. Walt filed a motion for clarification or reconsideration as to the date on which his 8% interest began to run and his liability for child support between August 10, 2016 (the date of entry of the interim order) and June 1, 2017 (the effective termination date of his child-support obligation). Karin filed her own posttrial motion for a new trial. The chancellor denied both posttrial motions. Aggrieved, Walt appeals.

## STANDARD OF REVIEW

¶12. Our review of domestic-relations cases is limited. *Gossett v. Gossett*, 248 So. 3d 923, 925 (¶5) (Miss. Ct. App. 2018). We decline to disturb a chancellor's factual findings "unless the chancellor was manifestly wrong or clearly erroneous or applied an incorrect legal standard." *Id.* "Where substantial evidence supports the chancellor's findings, we will not reverse the decision on appeal. However, we review the chancellor's interpretation and application of the law de novo." *Id.* (citation omitted).

## DISCUSSION

¶13.    Walt argues the chancellor erred by not giving him credit for the $27,000 in child-support payments he made during the nine months he had temporary physical custody of the children—i.e., the time between the entry of the interim order on August 23, 2016, and the effective termination date of his support obligation on June 1, 2017.  As discussed, the chancellor ordered these sums to be disbursed to Karin rather than returned to Walt.

¶14.    "Child support is awarded to the custodial parent for the benefit and protection of the child, the underlying principle being the legal duty owed to the child for the child's maintenance and best interest." *Artz v. Norris*, 163 So. 3d 983, 988 (¶14) (Miss. Ct. App. 2015) (quoting *Alexander v. Alexander*, 494 So. 2d 365, 368 (Miss. 1986)).  "Such benefits belong to the child," not the custodial parent, "and the custodial parent has a fiduciary duty to hold them for the use of the child." *Caldwell v. Atwood*, 179 So. 3d 1210, 1216 (¶19) (Miss. Ct. App. 2015).  In *Turnage v. Brooks*, 213 So. 3d 103, 107 (¶14) (Miss. Ct. App. 2016), we recognized that Mississippi precedent has repeatedly addressed the situation where a noncustodial parent, who remains subject to an existing support order, takes de facto custody of the parties' child and then asserts that the custodial parent has been unjustly enriched by support for a child the custodial parent did not actually support.  The supreme court has acknowledged that, in such circumstances, equity may require crediting the noncustodial parent for the support payments he or she still made to the custodial parent or directly to the child during this time. *See Brewer v. Holliday*, 135 So. 3d 117, 120-21 (¶¶14-16) (Miss. 2014); *Smith v. Smith*, 20 So. 3d 670, 676-77 (¶¶23-28) (Miss. 2009); *Varner v. Varner*, 588 So. 2d 428, 434-35 (Miss. 1991); *Alexander*, 494 So. 2d at 367-68.

6

¶15. Here, Walt did not obtain temporary physical custody of the children through an extrajudicial agreement between the parties. He did so through a valid court order. Pursuant to the chancellor's interim order, Walt received temporary physical custody of the parties' children, and Karin received visitation on every other weekend. The interim order clarified, however, that the children were not required to spend the night in Karin's home if they did not feel comfortable doing so. In addition, while the order encouraged the children to schedule occasional lunches with Karin in their discretion, it did not require them to do so.

¶16. In her subsequent final judgment, the chancellor awarded Walt sole physical custody of the children, terminated his child-support obligation, found Karin had sufficient income to pay child support, and ordered Karin to begin paying Walt $680 a month in child support. The chancellor's final judgment did not, however, credit Walt for the child-support payments he made to his attorney's trust account during the nine-month period the children were in his temporary custody pursuant to the court's earlier order. This was so even though the children now resided in Walt's custody and he continued to make his monthly support payments in addition to providing for the children's other needs. Based upon the evidence presented and prior caselaw, we find the chancellor erred by failing to credit Walt for the support payments he made during this time. *See Brewer*, 135 So. 3d at 120-21 (¶¶14-16); *Varner*, 588 So. 2d at 434-35; *Alexander*, 494 So. 2d at 367-68.

## CONCLUSION

¶17. Upon review, we find the chancellor erred by not crediting Walt for the child-support payments he made while the parties' children were temporarily in his sole physical custody

7

pursuant to the chancellor's interim order. We therefore reverse the part of the chancellor's final judgment disbursing the child-support payments to Karin, and we render a judgment finding that Walt is entitled to the $27,000 he paid in child support during the nine-month period between the entry of the August 23, 2016 interim order and the effective termination date of his support obligation on June 1, 2017. We affirm all other aspects of the chancellor's final judgment.

¶18. **AFFIRMED IN PART; REVERSED AND RENDERED IN PART.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**