960 So.2d 556 (2007)
Linda STRIBLING, Appellant
v.
Carl William STRIBLING, Appellee.
No. 2005-CA-00467-COA.
Court of Appeals of Mississippi.
January 2, 2007.
Rehearing Denied July 17, 2007.
*558 John W. Christopher, attorney for appellant.
Mark A. Chinn, Dar Kenya W. Waller, Jackson, W. Matthew Thompson, attorneys for appellee.
Before MYERS, P.J., SOUTHWICK, and GRIFFIS, JJ.
MYERS, P.J., for the Court.
¶ 1. Linda Stribling appeals the judgment of the Madison County Chancery Court finding her in contempt of a divorce decree and ordering her incarcerated until she purged herself of the contempt by compliance. Mrs. Stribling defended against the contempt order by claiming inability to perform according to the dictates of the order and inability to obey the order due to vagueness; however, both of her defenses were rejected by the chancellor. Finding no reversible error, we affirm.

STATEMENT OF FACTS AND PROCEDURAL HISTORY
¶ 2. This Court has reviewed this divorce case once before. Stribling v. Stribling, 906 So.2d 863 (Miss.Ct.App.2005), reh'g denied, 2003-CA-00731-COA (Miss.Ct.App. Apr. 5, 2005), cert. denied, 904 So.2d 184 (Miss.2005). There, we affirmed the chancellor's grant of periodic alimony, division of marital assets, and award of attorney's fees to Carl William "Bill" Stribling. Since the divorce and the final decision entered by this Court, Mrs. Stribling has not paid, save a small amount, towards the judgment entered against her.
¶ 3. While awaiting the result of the former appeal in this Court, Mr. Stribling filed a motion seeking to have Mrs. Stribling cited for contempt. Mrs. Stribling then filed motions for modification of the decree and to stay the execution of the judgment pending this Court's decision, as well as responded to Mr. Stribling's contempt motion. The chancery court then held hearings on Mrs. Stribling's motion for modification and motion to stay, and Mr. Stribling's motion for contempt in March and August of 2004.[1] Mrs. Stribling's motion to stay was denied and the court entered its original order granting Mr. Stribling's motion for contempt on November 8, 2004. Mrs. Stribling then filed her motion for reconsideration. On February 9, 2005, the chancellor issued an amended order granting, in part, Mrs. Stribling's motion to reconsider and amending the original order due to calculation errors. This amended order, however, denied Mrs. Stribling's other claims of error, continuing to find Mrs. Stribling in contempt. The amended order of the chancellor, as it now stands, holds Mrs. Stribling in contempt with a judgment of incarceration until she purges herself of the contempt. Mrs. Stribling now appeals this order of contempt, seeking review of the following issues:
I. THE CHANCELLOR COMMITTED MANIFEST ERROR IN FINDING THAT MRS. STRIBLING HAD THE PRESENT ABILITY TO PURGE HERSELF *559 OF CONTEMPT AND ORDERING HER INCARCERATED.
II. THE ORDER OF CONTEMPT INCARCERATING MRS. STRIBLING IS AMBIGUOUS AS TO THE AMOUNT MRS. STRIBLING MUST PAY TO BE RELEASED FROM INCARCERATION AND IS THEREFORE VOID.

DISCUSSION
¶ 4. "A prima facie case of contempt has been established when the party entitled to receive support introduces evidence that the party required to pay the support has failed to do so." McIntosh v. Dep't of Human Servs., 886 So.2d 721, 724(¶ 11) (Miss.2004). Here, neither party contests the fact that Mrs. Stribling has failed to comply with the terms of the divorce decree and, therefore, a case of contempt has been established.
¶ 5. Once a party is held in contempt, that party may defend upon several grounds. Dunaway v. Busbin, 498 So.2d 1218, 1222 (Miss.1986). Mrs. Stribling defended herself by asserting an inability to pay and by arguing that the contempt order is vague so that she cannot perform due to the ambiguity. It is well established that one may avoid contempt by showing that their violation of an order is not willful or contumacious, but rather a product of their honest inability to comply with the order. Id. Another valid defense to contempt exists where a party establishes that their inability to conform to a judgment is due to the order's vagueness or because of insufficient detail. Id.

STANDARD OF REVIEW
¶ 6. Both of Mrs. Stribling's issues on appeal concern the chancellor's rejection of her defenses to the contempt citation and are controlled by the same standard of review. This Court is required to give substantial deference to the chancellor's finding of fact, particularly in the areas of divorce and child support, overturning the determination only if it is manifestly wrong. Fancher v. Pell, 831 So.2d 1137, 1140(¶ 15) (Miss.2002). "In the absence of manifest abuse of discretion, coupled with the presence of substantial credible evidence, we should not disturb the learned chancellor's decision substituting our judgment for that of the chancellor." Mabus v. Mabus, 910 So.2d 486, 488(¶ 6) (Miss.2005). "We must consider the entire record before us and accept all those facts and reasonable inferences therefrom which support the chancellor's findings." Madden v. Rhodes, 626 So.2d 608, 616 (Miss. 1993).
I. PRESENT ABILITY TO PURGE CONTEMPT AND ORDER OF INCARCERATION
¶ 7. This Court is to decide whether the chancellor committed manifest error or abused her discretion in finding that Mrs. Stribling was, at the time of the contempt hearing, able to pay the judgment and alimony to Mr. Stribling. In our review, this Court defers to the chancellor's ability to view the witnesses, to determine their credibility and to review the exhibits before the chancery court. Wesson v. Wesson, 818 So.2d 1272, 1279(¶ 20) (Miss.Ct. App.2002).
¶ 8. At the hearings, Mrs. Stribling sought to excuse her failure to comply with the divorce decree by presenting testimony and exhibits reflecting various bank account information, her company's financial records, foreclosure notices, outstanding bills and promissory notes. Notwithstanding Mrs. Stribling's defense presentation, the chancellor issued an order on February 9, 2005, addressing both Mrs. Stribling's motion for reconsideration *560 and Mr. Stribling's motion for contempt. The chancellor found that the original November 8, 2004 order contained calculation errors. The order was re-issued and found that between February 1, 2003, and July 31, 2004, Mrs. Stribling's business accounts reflected total deposits of $971,051.81 and that the business expenses during that time were only $643,852.85, leaving Mrs. Stribling with the disposable income of $327,198.96. While some of Mrs. Stribling's arguments charging miscalculation prevailed, the chancellor noted that Mrs. Stribling's other assignments of error were not valid, stating:
As to other claims of error by [Mrs. Stribling], this Court finds that such errors are not valid since the Court discovered at least 19 times that [Mrs. Stribling] manufactured figures that did not exist, and had understated her income . . . which leads this Court to believe that any evidence presented by [Mrs. Stribling] is not credible.
After making this finding regarding Mrs. Stribling's motion to reconsider, the chancellor in the next paragraph of the order found Mrs. Stribling in contempt and ordered her incarcerated until she purged herself of the contempt. Mrs. Stribling argues that a judgment of incarceration is improper because she established at the hearing and through her exhibits that she was without the present ability to pay the amount of the judgment to Mr. Stribling.
¶ 9. Should a party refuse to comply with the terms of a divorce decree, a chancellor unquestionably has the power to commit the contemner to jail until he or she complies. See Miss.Code Ann. §§ 9-5-87 (Rev.2002); 9-1-17 (Rev.2002). However, "[i]t is also a well-settled rule in this state that the court's power to commit a person to jail until he complies with the terms of a decree depends upon his present ability to comply with the decree." Wilborn v. Wilborn, 258 So.2d 804, 805 (Miss.1972). "[T]he [contemner] may avoid judgment of contempt by establishing that he is without present ability to discharge his obligation, but he has the burden of proving his inability to pay, and such a showing must be made with particularity and not in general terms." Jones v. Hargrove, 516 So.2d 1354, 1357 (Miss. 1987). This assertion of inability to pay must be proven by a preponderance of the evidence. Miss.Code Ann. § 11-51-12(4) (Rev.2002).
¶ 10. In the case sub judice, it is apparent that the chancellor chose not to believe Mrs. Stribling's testimony concerning her inability to pay because the judgment of contempt continued, even after the defenses were presented. Reading the chancellor's order as a whole, we find that the chancellor's decision not to believe Mrs. Stribling was based, in part, on the finding that Mrs. Stribling had previously "manufactured figures" and "understated" her income. The chancellor found in her order of contempt that Mrs. Stribling's disposable income of $327,198.96 still existed as of the day of the contempt hearing, and discredited Mrs. Stribling's testimony regarding her inability to pay the judgment. The chancellor's disbelief of Mrs. Stribling's assertions regarding her inability to pay is evinced by the chancellor's continuing order of contempt and incarceration.
¶ 11. We must review the chancellor's order of contempt by considering whether the chancellor had a reasonable basis not to believe Mrs. Stribling's testimony regarding her inability to pay and thereby holding Mrs. Stribling in contempt. "Generally speaking, contempt matters are committed to the substantial discretion of the trial court which, by institutional circumstance and both temporal and visual proximity, is infinitely more *561 competent to decide the matter than are we." Cumberland v. Cumberland, 564 So.2d 839, 845 (Miss.1990). Furthermore, we are mindful of the supreme court's command that "[t]he chancellor, being the only one to hear the testimony of witnesses and observe their demeanor, is to judge their credibility." Madden v. Rhodes, 626 So.2d 608, 616 (Miss.1993). "[The chancellor] is best able to determine the veracity of their testimony, and this Court will not undermine the chancellor's authority by replacing [her] judgment with its own." Id.
¶ 12. Our thorough review of the record reflects that although the lower court might have found from the evidence that Mrs. Stribling's argument concerning her inability to pay was well-taken, there is also sufficient basis in the evidence, we think, for the court's conclusion that Mrs. Stribling was not credible and failed to establish that she was unable in good faith to make the prescribed payments. We note that other proceedings in this divorce have been before the same chancellor. The chancellor's order stated that in these previous proceedings Mrs. Stribling had presented false statements to the court, at a minimum, nineteen times. The chancellor is better situated than we to determine from the evidence heard by her whether Mrs. Stribling is credible in her testimony as to her ability to make the payments as ordered. For these reasons, we affirm the chancellor's findings and order of contempt.
II. VAGUENESS IN THE ORDER OF CONTEMPT
¶ 13. Mrs. Stribling's second defense to the contempt order was premised on her inability to obey an order that she claims was vague or insufficiently specific. Mrs. Stribling contends that the language of the order finding her in contempt was unclear as to the exact amount that she must pay to rid herself of contempt. She cites to several different paragraphs, pointing out alleged inconsistencies in the amounts. Mr. Stribling contends that the order of the chancellor is clear in its language, ordering Mrs. Stribling to remedy the arrearage owed to Mr. Stribling for the periodic alimony. We are charged with determining whether the chancellor's order of contempt was clear enough for interpretation of the amounts Mrs. Stribling would owe to purge herself of contempt.
¶ 14. In Balius v. Gaines, 908 So.2d 791, 798(¶ 16) (Miss.Ct.App.2005), this Court considered whether a provision of a child visitation order was ambiguous. We stated: "`[w]hen questions of meaning arise' as to a judgment, `answers are sought by the same rules of construction which appertain to other legal documents.'" Id. at (¶ 16) (quoting Estate of Stamper v. Edwards, 607 So.2d 1141, 1145 (Miss.1992)). In determining whether an order is ambiguous, we focus on the intent of the chancery court and read the judgment as a whole. Id. at (¶ 16). However, we decline interpreting or construing an order if the language of a judgment is unambiguous. Id.
¶ 15. Paragraph eight of the contempt order states:
The Sheriff of Madison County is hereby directed to immediately take physical custody of the Plaintiff, Linda Stribling, and incarcerate her in the Madison County Jail or such other holding facility as may be designated by the County, until such time as she has purged herself of her contempt by the payment of the aforementioned sums or until further order of this Court.
(emphasis added). A reading of the entire order results in this Court's finding that the aforementioned sums the chancellor *562 addressed in paragraph eight was the sum of the periodic alimony arrearage. Paragraph five states that at the time of the chancellor's order, Mrs. Stribling was in arrears of this periodic alimony for twenty-five months in the amount of $125,000. No further construction need be made by this Court, as the order is unambiguous. We thus find no error in the chancery court's overruling Mrs. Stribling's defense to the contempt due to vagueness in the order.

CONCLUSION
¶ 16. Upon our review of the entire record before us, and considering all applicable law, we cannot find that the chancellor committed manifest error in holding Mrs. Stribling in contempt. In our review of the chancellor's order, we accept all those facts and reasonable inferences therefrom which support the chancellor's findings. We find that the chancellor had a substantial basis, and that the power was within her confine, for disbelieving Mrs. Stribling's assertion regarding her present ability to conform to the divorce decree, and that no error was committed in so doing. Further, we find Mrs. Stribling's assertion of ambiguity in the order unavailing and dismiss this assignment of error.
¶ 17. THE JUDGMENT OF THE CHANCERY COURT OF MADISON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. LEE, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION. CARLTON, J., NOT PARTICIPATING.
LEE, P.J., dissenting.
¶ 18. With respect for the majority, I am nevertheless compelled to dissent.
¶ 19. There is little doubt that Linda Stribling has failed to comply with the judgment of the Madison County Chancery Court, and it certainly should be to no one's surprise. How could she? There simply was no justification for the chancellor to award such amounts based on the financial conditions of the parties.
¶ 20. When the original Stribling v. Stribling, 906 So.2d 863 (Miss.Ct.App. 2005), was before this Court I likewise dissented which I repeat in full:
With respect to the majority, I dissent. After reading the record, I cannot find that substantial evidence existed to support the chancellor's award of periodic alimony in the amount of $5,000 per month or the award of $221,229.37 as half of the marital assets. Although some amount of alimony may be appropriate in this case, I fail to see the justification for an award of that amount. Furthermore, I would cite to In re: Dissolution of the Marriage of Profilet, 826 So.2d 91 (Miss.2002), where the supreme court found that the husband's financial status was misrepresented in the chancellor's findings and, as a result, the chancellor erred in calculating the amount of alimony. In the case at bar I am not convinced that the chancellor either relied on Linda's net income or took into account her debts in determining alimony payments or equitable distribution. Therefore, I would reverse and remand on this issue for the chancellor to determine a more appropriate award of alimony, if any, and likewise, equitable distribution.
Id. at 874(¶ 47).
¶ 21. I could not fathom how such an award could be granted by the chancellor. The financial statements certainly did not support it, and I could only conclude that the chancellor looked at the gross income *563 and totally ignored any indebtedness or liabilities. To award such large amounts based solely on gross income is a recipe for disaster. For example, in In re: Dissolution of the Marriage of Profilet, 826 So.2d at 96(¶ 17), the supreme court noted "that the chancellor apparently confused the gross receipts from William's medical practice with his net income. She also relied on his personal total assets without taking his liabilities into account." That is exactly what happened in the case sub judice.
¶ 22. "It is well established that in domestic relations cases, when a party has demonstrated a prima facie case of contempt, the contemnor may avoid the judgment of contempt by establishing that he is without the present ability to pay his obligations." Kennedy v. Kennedy, 650 So.2d 1362, 1366 (Miss.1995). In Riser v. Peterson, 566 So.2d 210, 211-12 (Miss. 1990), the supreme court emphatically stated:
We do not know how to over-emphasize that the law in Mississippi is INABILITY TO CURRENTLY DISCHARGE AN OBLIGATION IN A CIVIL CONTEMPT CASE IS A DEFENSE TO A JUDGMENT OF CONTEMPT. The defendant does have the burden of proving inability to pay and that showing must be in particular terms. . . . For the benefit of the bench and bar, let us attempt to state clearly that a litigant may be incarcerated for civil contempt for failure to pay a judgment but THAT LITIGANT IS ALWAYS ENTITLED TO OFFER EVIDENCE OF INABILITY TO PAY AS A DEFENSE, NOT TO THE CONTEMPT, but to the incarceration.
See also Howard v. Howard, 913 So.2d 1030, 1040(¶ 22) (Miss.Ct.App.2005).
¶ 23. Linda Stribling has been unable to comply with the terms of the judgment and will continue to be unable to do so simply because the judgment is so out of proportion to her financial condition that payment by her is unattainable.
NOTES
[1] The hearings held on the various motions are collectively referred to as "hearings" hereinafter.